————o————

STATE OF MISSOURI, *ex rel.* JAMES BERRY, Relator, *vs.* MICHAEL K. McGRATH, Secretary of State, Respondent.

1. *Court, circuit—Resignation of judge to take effect at subsequent date—Election of successor, prior thereto, effect of.*—Where the judge of a circuit court in July, 1876, transmitted to the governor of the State his resignation, the same, by its terms, to take effect in December of that year, its acceptance prior thereto would not vacate his office till the latter date, and an election of his successor prior to December, 1876, would be invalid. (See Const. 1875, Art. VI, § 32; Wagn. Stat. p. 572, § 46; Sess. Acts 1873, p. 43.)

*Petition for Mandamus.*

*B. G. Barrow*, for Relator.

*J. L. Smith, Att'y Gen'l*, for Respondent.

HOUGH, Judge delivered the opinion of the court.

This is an application for a writ of mandamus to compel the Secretary of State to cast up and certify to the governor the votes polled for the relator, in the counties composing the 27th Judicial Circuit, for the office of judge of that circuit, at the general election in November, 1876.

It appears from the petition that in the month of July, 1876, Judge John W. Henry, then judge of said circuit, transmitted to the governor his resignation of said office, which resignation was expressed to take effect on the 31st day of December, 1876, and was accepted by the governor to take effect on that day; that at the general election in November, 1876, the relator was, with others, a candidate for said office, was eligible thereto, and received a majority of all the votes cast for the several candidates therefor, and that said votes were duly returned to and are now in the custody of the secretary of State, and that he refuses to count and certify the same. The next general election for circuit judges is fixed by law to occur in November, 1880.

Section 32 of Article VI of the Constitution of 1875, provides that "in case the office of judge of any court of record becomes vacant by death, resignation, removal, failure to qualify, or otherwise, such vacancy, shall be filled in the manner provided by law."

The sole question presented for our determination by the application of the relator is, whether there was any law authorizing the election of a successor to Judge Henry at the general election in November, 1876. By section 46 of the general statutes on the subject of elections, it is provided, that when any vacancy shall happen in the office of judge of the Supreme Court, judge of the circuit court, and other offices therein named, by death, resignation or otherwise, the governor upon being satisfied *that such vacancy exists*, and that it occurred more than twelve months be-

fore a general election for such officer, shall issue his writ of election to fill such vacancy.

In March, 1873, an act was passed providing that in all cases of vacancy in any office, the length of the term of which is over two years, the vacancy shall be filled by the election of some person to the office at the first general election, *after such office becomes vacant.*

We are not aware of any other statutory provisions on this subject. The act of 1873 repealed all acts and parts of acts inconsistent with its provisions, and was doubtless intended to supersede the provisions of section 46 of the General Statutes, so far as the same related to judges.

Giving the relator, however, the benefit of both statutes, and conceding that both of them were in harmony with the constitution which was in force at the time they were enacted—on which subject it is unnecessary for us, at this time, to express any opinion—and waiving the fact that no writ of election was issued by the governor, it is quite plain that no election could be held under the provisions of either of them, for a successor to Judge Henry, until after the office held by him became vacant. If the foregoing statutes were in conflict with the constitution, there would be no authority whatever for an election, and the vacancy would be properly filled by appointment. Now, notwithstanding the fact that Judge Henry's resignation was transmitted to the governor in July, 1876, he continued to be judge of the 27th Judicial Circuit until the 31st day of December, 1876. On that day, and not before, did his resignation take effect, no matter when it was accepted by the governor. From that day, and not before, did his office become vacant. As the relator claims to have been elected prior to that time, he was elected before any vacancy existed and without authority of law. The writ will be denied.

The other judges concur, except Judges Norton and Henry not sitting.