Robert L. KYLE, Appellant,

v.

STATE PERSONNEL ADVISORY
BOARD, Respondent,

Mary Anna Dodson, Party of Record.

No. WD 31738.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for appellant.

Dale C. Doerhoff, Jefferson City, for respondent; Cook, Vetter & Doerhoff, Jefferson City, of counsel.

Before PRITCHARD, P. J., SWOFFORD, J., and HOUSER, Senior Judge.

PRITCHARD, Presiding Judge.

Appellant Kyle appeals, being disturbed over the respondent's reversal of his decision dismissing Mary Anna Dodson, designated usually as the "Party of Record" in the caption, because she struck (slapped on the hand) a borderline mentally retarded child, a patient at the Rolla Regional Center for the Developmentally Disabled.

Appellant contends that the trial court erred and abused its discretion in affirming respondent's decision because it was contrary to its own regulations in that Mary Anna admitted striking the patient which was contrary to a lawful rule of the Department of Mental Health, she having been previously made aware of the rule.

Mary Anna had been employed at the Rolla Regional Center since 1972 until her dismissal. Her performance had been good, she having received periodic salary increases and promotions. She was familiar with the Mental Health Employee handbook provision which forbade employees from striking, slapping or otherwise abusing students or patients, and the possibility of immediate dismissal as a result of those actions.

During the lunch period of February 8, 1979, Mary Anna was supervising Mitchell Humphrey, a 3½ year old patient suffering from borderline mental retardation, severe speech delays and impaired hearing. He was disruptive on that occasion, although not normally so, in that he shoved the table at which he was seated and knocked over adjacent chairs. Mary Anna put him in the corner twice because of his behavior, and removed his food on the second occasion, these actions being consistent with adopted procedures. His behavior, however, recurred each time he was returned to the

table. After he was returned the second time to the table, Mary Anna was observed slapping Mitchell's hand three times. The force of these blows was not agreed upon, but shortly after the incident, an examining nurse found no cuts, bruises or marks of any kind. The child was observed to have suffered no ill effects arising from the incident, and thereafter exhibited what was for him a normal behavior. Mary Anna stated to the assistant director that she was merely over–reacting to one of her kids, and she testified similarly at the hearing. On February 9, 1979, appellant suspended Mary Anna without pay and terminated her, effective February 16, 1979.

Respondent set aside the suspension and dismissal of Mary Anna finding that the evidence did not support a finding of abusive treatment of the child by Mary Anna. "She did not strike the patient with malice. She did not cause harm to the patient. She claims she was slapping his hands to get his attention, apparently to regain his control after he started his disruptive behavior. The Appointing Authority argues that the mere striking of a patient, however slight, is grounds for dismissal. We do not believe that this is the interpretation of the Department of Mental Health rule nor is it the interpretation to be given to the rules of this Board. Employees are not forbidden to touch a patient. They are forbidden to abuse them." The board believed a suspension was more appropriate than dismissal, and on July 18, 1979, ordered that Mary Anna be restored to her position on August 1, 1979, with back pay awarded from February 10, 1979 to July 1, 1979, at the rate of $714.00 per month (in effect a 30–day suspension without pay). The trial court affirmed the order of the board.

It seems clear from the transcript and the briefs that if there are infractions of the rules by an employee, the Department of Mental Health has a policy first to issue a warning, and if that does not suffice to correct the problem then to use a suspension, and if that does not work, a discharge from employment may be used. This policy procedure was not used in this case, but a summary discharge was imposed upon Mary Anna.

The Personnel Advisory Board exists by authority of § 36.050, RSMo 1978. § 36.060 specifies the duties of the Board, one of which is to make any investigation which it may consider desirable concerning the administration of personnel subject to the law. § 36.070 gives the Board authority not inconsistent with the chapter to make rules and regulations. Under this authority the Board adopted Rule 1 CSR 20–3.070(2), providing "The following are declared to be causes for suspension, demotion or dismissal of any employee in the classified service, *depending upon the seriousness of the cause*; however, such actions may be based upon causes other than those herein enumerated, namely, that the employee * * *." [Italics added.] Then follows several paragraphs, two of which are pertinent: As a cause, when the employee has been guilty of abusive or improper treatment toward an inmate or patient of any state institution; and when the employee has willfully violated the lawful rules, regulations or policies of the agency after being made aware thereof.

§ 36.390 provides for an appeal by an employee to the Personnel Advisory Board, which after hearing and consideration shall approve or disapprove the action of the appointing authority, and may order the reinstatement of the employee to his former position and the payment to him of such salary has been lost by reason of such dismissal. (Mary Anna here was reinstated by the board except for the one month loss of salary from which she did not appeal.)

The inquiry here is limited to the scope of judicial review under § 536.140 and the identical Rule 100.07, in short that this court may not substitute its judgment for that of the Personnel Advisory Board unless there is a showing that its action was unlawful, unreasonable, improper or not based on substantial and competent evidence. Appellant had the authority to dismiss Mary Anna under § 36.380 for cause "when he considers that the good of the service will be served thereby." The cause stated

in the notice to Mary Anna was the striking of the patient. The "good of the service" is not defined in the statute, but in *State ex rel. Eckles v. Kansas City*, 257 S.W. 197, 200 (Mo.App.1923), it was stated, "Discharge for the 'good of the service' or 'for cause' imply some personal misconduct or fact, rendering the incumbent's further tenure harmful to the public interest." There is no element of personal misconduct which would lead to a conclusion that there should be a dismissal of employment of Mary Anna in this case. All there is is the infraction of the rules of slapping a patient child. It was within the authority of the Personnel Advisory Board to interpret and construe the rules of the Department of Mental Health to determine if dismissal of Mary Anna was justified in the light of the "seriousness of the cause." The Board has determined that the incident was not that serious, and that determination is within the statutory review authority of the Board. It does not appear to be unreasonable, improper, or not based on substantial or competent evidence. Although Mary Anna admitted that she slapped the child after other methods for the cessation of his disruptive behavior had failed, the Board could find, as it did, that her act was done without malice. It is notable that the evidence shows that the child returned to his usual behavior after the slapping incident, which resulted in no harm to him. The Board found in effect that dismissal was not justified, and that decision is supported by the evidence and, therefore, this court may not interfere. Mary Anna, having suffered a month's loss of pay, has been punished enough for her technical infraction.

The judgment is affirmed.

All concur.