**Billy E. HOLT, Appellant,**

v.

**PERSONNEL ADVISORY BOARD OF the STATE of Missouri, and Department of Corrections and Human Resources of the State of Missouri, Respondents.**

**No. WD 35170.**

Missouri Court of Appeals, Western District.

Aug. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 2, 1984.

Application to Transfer Denied Nov. 20, 1984.

Jerry W. Venters, Bartlett, Venters, Pletz & Toppins, A Professional Corp., Jefferson City, for appellant.

James C. Martin, Chief Legal Counsel, Jefferson City, for respondents, Dept. of Corrections and Human Resources.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

PER CURIAM.

Billy E. Holt (hereinafter appellant), formerly a "merit system" employee of the Department of Corrections and Human Resources (hereinafter appointing authority), appeals from a judgment of the Circuit Court of Cole County affirming a decision of the Personnel Advisory Board holding that it was "without jurisdiction" to entertain appellant's appeal from action taken by the appointing authority.

Appellant was a Social Services trainee at the Missouri State Penitentiary in Jefferson City, Missouri. Under date of November 9, 1981, he was advised in writing by the appointing authority that he was "placed on administrative leave with pay, effective close of business November 9, 1981, due to the investigation being conducted by the Cole County Sheriff's Department concerning the recent escape attempted by inmates Bill Herron and Patrick Cullen, and your subsequent arrest by the Cole County authorities on this date."[1]

On November 16, 1981, three employees of the appointing authority, comprising what was referred to as the "Administrative Review Committee", contacted appellant in the Cole County jail and, after discussing with him the contents of some investigative reports compiled by law enforcement officials, suggested that appellant voluntarily tender his resignation in order to avoid being dismissed or discharged. Appellant apparently yielded to the suggestion as evidenced by the fact that on November 16, 1981, appellant, in writing and over his signature, advised the appointing authority as follows: "I wish to submit my Resignation effective Nov. 30 1981." However, after consultation with his attorney, appellant withdrew his resignation as evidenced by the following, dated November 25, 1981, in writing, over appellant's signature, and delivered to and received by the appointing authority prior to November 30, 1981: "I, Billy E. Holt, hereby withdraw and rescind a purported resignation dated on or about November 17, 1981, for the reason that said resignation was obtained through false and misleading statements by Department of Corrections employees and officials, or statements cal-

---

1. The record is silent as to whether appellant, by plea of guilty or trial, was ever convicted of any criminal offense.

culated to mislead the undersigned, and was obtained at a time when the undersigned was under great stress and duress and did not have the opportunity to obtain legal advice." By stipulation of the parties the aforementioned was received by the appointing authority prior to November 30, 1981.

There is not one iota of evidence, much less competent and substantial evidence upon the whole record, that the appointing authority accepted appellant's resignation prior to November 30, 1981. As deciphered from the record, the appointing authority summarily assumed appellant had legally resigned effective November 30, 1981, notwithstanding appellant's withdrawal of his resignation prior to November 30, 1981, and before any indicia of acceptance by the appointing authority.[2] Needless to say, appellant was removed from the state payroll as of December 1, 1981, without any semblance of compliance with § 36.380, RSMo 1978,[3] by the appointing authority.

Appellant timely appealed to the Personnel Advisory Board with no avail as it dismissed his appeal on the ground that it lacked jurisdiction to hear the matter as appellant's "resignation" constituted neither a "dismissal", "demotion" nor "suspension" within the purview of § 36.390.5, RSMo Supp.1983.[4]

Appellant, pursuant to § 36.390.9, RSMo Supp.1983, appealed the Personnel Advisory Board's order of dismissal for lack of jurisdiction to the Circuit Court of Cole County. The Circuit Court of Cole County, in turn, entered an order affirming the "Decision and Order" of the Personnel Advisory Board, thereby generating an appeal by appellant to this court.

Appellant, both below and on appeal to this court, vigorously takes issue with dismissal of his appeal by the Personnel Advisory Board on the ground that it lacked jurisdiction. Among other arguments advanced, appellant contends that his ostensible resignation never became effective because it was both withdrawn by him and never accepted by either the appointing authority or the director of the Personnel Advisory Board prior to November 30, 1981. Appellant syllogistically argues that his appeal from the action of the appointing authority summarily removing him from the state payroll was, "jurisdictionally", within the purview of § 36.390.5, supra, and should not have been summarily dismissed for lack of jurisdiction.

■ The decision of the Personnel Advisory Board, not the judgment of the Circuit Court of Cole County, is the subject of review by this court. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184 (Mo. banc 1982); and *Watkins v. State Board of Registration for the Healing Arts*, 651 S.W.2d 582, 584–85 (Mo.App. 1983). The scope of review of administrative decisions in contested cases is capsulized in § 536.140, RSMo 1978.

■ At the outset cognizance is taken that the complexion of this case for purposes of appellate review deviates from the normal run-of-the-mill case where the existence vel non of "competent and substantial evidence upon the whole record" to support the administrative decision is usually the principal or key issue. The instant appeal, pure and simple, involves the application of law to the facts, i.e. was appellant's resignation effectively withdrawn. The provisions of § 536.140.3, supra, take on controlling significance: "Whenever the action of the agency being reviewed does not involve the exercise by the agency of administra-

---

**2.** 1 CSR 20–3.070(6)(A) provides, in part, that "[a]ll resignations shall be finally approved by the director as a matter of record."

**3.** Section 36.380, RSMo 1978, for instance, provides in part that "[n]o dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such an employee a written statement setting forth in substance the reasons therefor...."

**4.** Section 36.390.5, RSMo Supp.1983, provides, in part, as follows: "Any regular employee who is dismissed or involuntarily demoted for cause or suspended for more than five working days may appeal in writing to the board within thirty days after the effective date thereof...."

tive discretion in the light of the facts, but involves only the application by the agency of the law to the facts, the court may weigh the evidence for itself and determine the facts accordingly.... In making such determination the court shall give due weight to the opportunity of the agency to observe the witnesses, and to the expertness and experience of the particular agency." Concomitantly, "[a]dministrative agency decisions based on the agency's interpretation of law are matters for the independent judgment of the reviewing court." *King v. Laclede Gas Co.*, 648 S.W.2d 113, 114 (Mo. banc 1983). See also: *Daily Record Co. v. James*, 629 S.W.2d 348, 351 (Mo. banc 1982); and *Ceramo Company, Inc. v. Goldberg*, 650 S.W.2d 303, 304 (Mo.App.1983).

Generally, a resignation "prospective or conditional in character may be withdrawn at any time before it is accepted." 67 C.J.S., Officers and Public Employees, § 104, p. 451 (1978). In accord: *State ex rel. Van Buskirk v. Boecker*, 56 Mo. 17, 21 (1874). Moreover, a prospective resignation "does not take effect until the day named...." 67 C.J.S., Officers and Public Employees, § 102(b), p. 448, supra. In accord: *State ex rel. Berry v. McGrath*, 64 Mo. 139, 141 (1876).

A convergence of the facts in this case (determined in accordance with § 536.140.3, supra) and the principles of law immediately heretofore reiterated compel the conclusion that appellant withdrew his tendered resignation prior to its effective date and before it was accepted. Ipso facto, his removal from the state payroll on December 1, 1981, was tantamount to an involuntary dismissal and the Personnel Advisory Board erred in dismissing appellant's appeal on the ground that it lacked jurisdiction.

Accordingly, the judgment of the Circuit Court of Cole County is reversed and the cause is remanded with directions to the Circuit Court of Cole County to enter judgment reversing the decision of the Personnel Advisory Board and ordering the Personnel Advisory Board to conduct a further hearing to determine compensation due appellant as well as those amounts which are to be credited as offsets in accordance with the views expressed in *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 143–45 (Mo. banc 1974).

Judgment reversed and cause remanded with directions.