**MISSOURI DEPARTMENT OF SOCIAL SERVICES and Personnel Advisory Board, Appellants,**

v.

**Stephen L. YOUNG, Respondent.**

**No. WD 36656.**

Missouri Court of Appeals, Western District.

Nov. 19, 1985.

Joseph A. Derque, III, Jefferson City, for appellants.

Lori J. Levine (Carson, Monaco, Coil, Riley and McMillin, of Counsel), Jefferson City, for respondent.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

The Missouri Department of Social Services demoted respondent from his position of Investigator III, Special Agent in Charge of Medicaid Fraud Investigation Unit, to a position of Investigator II. The demotion reason given was respondent's failure to disclose to the Appointing Authority his marriage to a subordinate employee and his concealment of the marriage. The Personnel Advisory Board, in affirming the demotion, found that respondent's lack of candor and openness to his superiors in failing to disclose his marriage to a subordinate and his awareness of the importance of this information provided cause for the demotion. On appeal to the circuit court, the decision was reversed and respondent was ordered reinstated to his former position with back pay. Pending appeal to this court, a stay order was granted staying the circuit court judgment.

Respondent's spouse was separated from her former husband in December, 1982, and their divorce became final on March 4, 1983. During all times respondent had supervisory authority over her, especially in the assignment of cases, but he testified that he did not show favoritism toward her—she was assigned cases, including out-of-town ones, like any other employee. Respondent did not have authority to promote, hire or terminate his subordinates, of whom there were about 12; these duties were vested in Mr. Larry Kendrick, Director of General Counsel Division, which was the Appointing Authority. Before the marriage, in the spring of 1983, the respondent's spouse submitted a request through respondent to Mr. Kendrick for part-time status so she could attend school. She then, in March, 1983, decided to go back to school full time, so she submitted her resignation effective August 23, 1983. At the time of the hearing, she was employed by St. Mary's Health Center.

The marriage of the parties took place in Sedalia on May 26, 1983, at which time neither she nor respondent informed anyone in the General Counsel Division that they were married. Mr. Rapps, of the Division, heard that respondent and his spouse

had taken out a marriage license, and asked Mr. Toomey, respondent's supervisor, to investigate the matter on June 15, 1983. The next day Mr. Toomey and respondent discussed the ramifications and effects on the Division, and on the following day, Mr. Toomey asked respondent if he was already married, and he answered that the marriage took place on May 26, 1983. Mr. Rapps suspended respondent for 30 days pending investigation, and on June 20, 1983, Mr. Kendrick, by letter, demoted him to Investigator II, stating his failure to disclose the marriage to his staff and supervisors and that he had bestowed favoritism and patronage upon a direct subordinate in consideration of family relationship and not merit. Mr. Kendrick cited 1 CSR 20–3.070(2)(A)(K)(L) and 1 CSR 20–3.-180(1)(C).

At the hearing before the Personnel Advisory Board, the decision of which is for review by this court, *Holt v. Personnel Advisory Board*, 679 S.W.2d 340 (Mo.App. 1984), Mr. Kendrick testified that he had demoted respondent because he failed to disclose to his supervisors his marriage to a subordinate employee and that respondent had a duty to disclose the marriage, and his failure to do so constituted a violation of an inherent obligation of the Merit System. He further testified that this belief was based on his own opinion and interpretation of the Merit System rules.

The Board's conclusion of law No. 3 was this: "The Board, having found that the Appellant, who occupied a position of high trust and confidence, failed to disclose to his supervisors and the Appointing Authority the fact of his marriage to a subordinate, and having found that the fact of the marriage, although not prohibited, gave to the Appointing Authority a reasonable cause for great concern because of the appearance of favoritism and unfair treatment in the unit which Appellant supervised, the Board now concludes that the Appellant's demotion was for cause."

█ Respondent's petition for review in the Circuit Court alleged: "The decision of the Appointing Authority demoting appellant and the decision of the Personnel Advisory Board affirming said demotion, are arbitrary, capricious, and unreasonable, unsupported by competent and substantial evidence on the whole record, an abuse of discretion and unauthorized by law." This court may not substitute its judgment for that of the Personnel Advisory Board unless there is a showing that its action was unlawful, unreasonable, improper or not based on substantial and competent evidence. *Kyle v. State Personnel Advisory Board*, 607 S.W.2d 848, 849 (Mo.App.1980). The correctness of conclusions of law as predicates for administrative decision, however, is for the independent judgment of this reviewing court. *State ex rel. National Advertising Co. v. State Highway Commission*, 624 S.W.2d 453, 460 (Mo.App. 1981) [Footnote 7, citing *State Board of Reg. for Healing Arts v. Masters*, 512 S.W.2d 150, 157[1, 3] (Mo.App.1974) ].

Section 36.150, RSMo (Supp.1979), provides in part that "[D]emotions in and dismissals from employment shall be made for cause under rules and regulations of the board uniformly appliable to all positions of employment."

1 CSR 20–3.070(2), cited in Mr. Kendrick's letter of demotion, supra, provides, "The following are declared to be causes for suspension, demotion, or dismissal of any employee in the classified service, depending upon the seriousness of the cause; however, such actions may be based upon causes other than those herein enumerated, namely, that the employee—* * *." Following are fifteen enumerated causes, eleven of which are directly related to job performance, which is not here in issue. Paragraph (A) relates to willful violation of the State Merit System law or of the rules of the Personnel Advisory Board. There is no contention that there were any such violations. Indeed, there is no law or rule in existence which prohibits or regulates marriage between a supervisor and a subordinate employee. Paragraph (G) relates to

a conviction of a felony or a misdemeanor involving moral turpitude, neither of which is here present. Paragraph (K), mentioned in Mr. Kendrick's letter, is, "Has been guilty of insubordination or has failed to respond in a reasonable manner to their lawful orders or instructions of persons with duly delegated authority over the employee." There is no order or instruction in evidence or that respondent had disobeyed the same. Paragraph (L) is, "Has wilfully violated the lawful rules, regulations or policies of the agency by which employed after having been made aware of such rules, regulations, and policies." As before stated, there were no rules or regulations in effect which prohibited or regulated marriages between supervisors and their subordinates. There is, of course, no "policy" against those marriages, or requiring disclosure, which employees, such as respondent, had been made aware.

The Personnel Advisory Board found that the appointing authority did not show by competent and substantial evidence that respondent bestowed favoritism and patronage upon a direct subordinate in consideration of a family relationship and not merit. The record supports that finding. Two of respondent's subordinates testified that he did not show favoritism, before or after the marriage, towards his spouse, and the record further shows that he did not exhibit unfair treatment in regard to case assignments. Yet, the Board's conclusion of law No. 3, above set forth, was that respondent's failure to disclose his marriage, although not prohibited, gave the appointing authority a reasonable cause for great concern because of the appearance of favoritism and unfair treatment in the unit which appellant supervised. Under the facts, that conclusion is not only unsupported by the evidence, but is unreasonable.

What this record shows is that there was a "personal policy" of Mr. Kendrick to forbid marriages between superiors and subordinates based upon his interpretation of the intent of the Merit System rules [which do not in any way prohibit or regulate such marriages], which "personal policy" was not communicated to employees in writing or otherwise. All of the evidence leads to the conclusion that the decision of the Personnel Advisory Board that respondent's demotion was for cause is unsupported by competent and substantial evidence and is unreasonable. It is unnecessary to consider respondent's further point, raising in the reply brief in the circuit court for the first time the constitutional issue of violation of respondent's right of privacy to enter into a marriage involving only his private life.

The stay order entered by this court is dissolved. The judgment is affirmed and the case remanded to carry out the trial court's order of reinstatement with back pay.

All concur.