**Milton T. FUJITA, M.D., Appellant,**

v.

**Linda J. JEFFRIES, et al.,**
**Respondents.**

**No. 50578.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1986.

Ruth A. Przybeck, Asst. Atty. Gen., William L. Webster, Atty. Gen., Sara Rittman, Asst. Atty. Gen., St. Louis, for appellant.

Quinn, Ground & Banton, Richard J. Magee, Manchester, for respondents.

SIMON, Judge.

This is an appeal by Milton T. Fujita, M.D., (Fujita), the superintendent and statutory appointing authority of the St. Louis State Hospital from a judgment of the Circuit Court of the City of St. Louis affirming an order of the Personnel Advisory Board of the State of Missouri (Board). The order reinstates Johnnie Lyons to her position as a Psychiatric Aide II and orders payment of her salary from July 25, 1984, the date of her discharge, to the date of her return to employment.

■ We review the decision of the Personnel Board as if it had been directly appealed to this court. *Holt v. Personnel Advisory Board*, 679 S.W.2d 340, 342 (Mo. App.1984).

On appeal, Fujita contends: (1) the circuit court erred in finding the Board's decision was not arbitrary, capricious, an abuse of discretion, and unauthorized by law in that: (A) the Board applied the standard of "competent and substantial evidence;" (B) the Board made conflicting and irrelevant findings without specifying those upon which it relied; and (C) the Board considered such factors as the absence of marks or bruises on the patient, the failure of a witness to promptly report the abuse, and the employee's length of service with the state; (2) the circuit court erred in finding the Board's decision was not unreasonable and contrary to the overwhelming weight of the evidence in that: (A) the Board failed to specify which portion of the testimony of two witnesses it found not credible or worthy of belief; (B) the Board adopted the employee's version without considering those aspects of her testimony which were irreconcilably inconsistent with other evidence in the case. We affirm.

On July 25, 1984 Johnnie B. Lyons (Lyons), a Psychiatric Aid II, was terminated by Fujita for abusing a patient. She appealed her termination to the Personnel Advisory Board and a hearing was held on November 5, 1984. At the hearing Fujita presented two witnesses, Ms. Bailey and Ms. Stevens. Bailey, Lyons' supervisor, testified that on June 8, 1984, she saw Lyons strike a nude patient in the shower room with a belt. Bailey took no action at the time. Fifteen or twenty minutes later Bailey examined the patient and found no marks or bruises on him. She reported the incident on Monday, June 11, 1984, three days later, despite the fact that hospital regulations require an immediate reporting. She was reprimanded for her tardiness in reporting the incident. Bailey testi-

fied that although she and Lyons had had disagreements in the past, she did not dislike Lyons.

Stevens testified she entered the shower room to discover the cause of the noise she heard, and to offer assistance if needed. On direct examination she testified she saw Lyons swing at the patient, however on cross-examination she said that Lyons could have been just directing the patient somewhere. On redirect, Fujita introduced a prior statement Stevens made during a meeting of the Resident Abuse Committee. Stevens had stated that Lyons hit a person going into the shower.

Lyons testified that she did not strike the patient. She testified that she saw a wet naked patient standing in the rear of the hall by the shower and that she gestured with her hands directing the patient to return to the shower room and told him to put on his clothes. She was holding clothes while motioning with her hand; she never held a belt during this time. She further testified that the clothing she held never touched the patient.

On November 16, 1984 the Board issued its Findings of Fact, Conclusions of Law, Decision and Order finding that Fujita did not prove by competent and substantial evidence that Lyons abused a patient, and ordered Lyons reinstated with back pay. On December 3, 1984, Fujita filed an appeal in the Circuit Court of the City of St. Louis. The circuit court affirmed the Board's decision. This appeal followed. Of the five respondents, Linda J. Jeffries, Lowell McCuskey, Donald Hawkins (members of the Board), the Board, and Lyons, only Lyons submitted a brief and made an oral argument to this court.

Fujita's "points relied on" direct our attention to errors made by the circuit court's review of the Board's proceedings and decision. He begins his two points as follows: "The circuit court erred in finding...." Our review is not of the circuit court's review of the Board's proceedings and decision, but of the Board's proceedings and decision. *Holt,* 679 S.W.2d at 342.

We are not obliged to search through the transcript on appeal, the statement of facts nor the argument portion of an appellant's brief, to ascertain the intended meaning of the points relied on. *Haase v. Richmond,* 570 S.W.2d 341, 344 (Mo.App.1978). Rule 84.04(d).

■ Under Rule 84.08, we excuse Fujita's failure to state in his points relied, the issues we are to consider. We will entertain the Board's alleged errors which Fujita presents in the argument portion of his brief, as his points relied on.

No prejudice accrues to Lyons by our excuse of Fujita's failure to conform to proper appellate procedure. Lyons has not argued that Fujita's appeal should be dismissed for failing to state in his "points relied on" issues which this court has jurisdiction to consider. Furthermore, Lyons began each of her points by stating "The Circuit Court did not error in affirming ...," thereby imitating, except for a negative, his error.

Our standard of review has been set forth by our Supreme Court in *Board of Education v. Shank,* 542 S.W.2d 779, 781 (Mo. banc 1976):

> In reviewing an administrative decision on evidentiary grounds, the court considers all evidence before the board, but its inquiry is limited. The reviewing court may only determine whether the board could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of the evidence. [citation deleted] The court may not substitute its judgment on the evidence and may not set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record. In addition, the evidence must be considered in a light most favorable to the board's decision, together with all reasonable inferences which support it. [citation deleted] If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that

there is supportive evidence for the contrary finding. [citation deleted] Also the determination of the credibility of the witnesses is a function of the administrative tribunal. [citations deleted]

*See also:* § 536.140 RSMo 1978.

In subpoint A of point one, Fujita contends the Board erred in applying the standard of "competent and substantial evidence." He argues the proper standard is "preponderance of the evidence." He does not establish where the standard of "competent and substantial evidence" lies on the burden of proof continuum.

The term "substantial evidence" both implies and comprehends competent evidence. *Hanebrink v. Parker,* 506 S.W.2d 455, 457 (Mo.App.1974). Substantial evidence has been defined by our Supreme Court in *Collins v. Division of Welfare,* 364 Mo. 1032, 270 S.W.2d 817, 820 (banc 1954) as:

> ... evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced.

*See also: Hanebrink,* 506 S.W.2d at, 457.

■ The *Collins* court defines substantial evidence in a manner akin to the definition of the quantum of evidence required of a party seeking to survive a motion for a directed verdict. The general rule is that if a party has adduced evidence in support of his case which is substantial, when coupled with inferences that may legitimately be drawn from it, the case is for the fact triers and a motion for a directed verdict should be overruled. *Hillhouse v. Thompson,* 362 Mo. 700, 243 S.W.2d 531, 536 (banc 1951).

■ Preponderance of the evidence is that which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not. Black's Law Dictionary 5th Ed. 1979. Substantial evidence is that which a reasonable mind would accept as sufficient to support a particular conclusion, granting all reasonable inferences which can be drawn from it, and deferring all issues of weight and credibility, to the fact finder. Both parties to a contested matter can present substantial evidence, however only one can meet the preponderance of the evidence standard. The trier of fact draws inferences and decides which of the parties' positions are more probable, more credible and of greater weight.

■ To establish the preponderance of evidence, the trier of fact must resolve conflicting evidence; not so to establish substantial evidence. The competent and substantial evidence burden of proof is a different and lesser burden than the preponderance of the evidence burden of proof. Fujita was benefited by the Board's adoption of the competent and substantial standard rather than the one he argues on appeal. The proper evidentiary standard for the Personnel Advisory Board is preponderance of the evidence. K. Davis, Administrative Law Treatise § 16.9 (1980); Mezines, Administrative Law § 24.03 (1985); 2 Am.Jur.2d Administrative Law § 392 (1962). However, an appellant cannot be heard to complain of errors committed in his own favor. *Wilborn v. Williams,* 555 S.W.2d 44, 46 (Mo.App.1977).

In subpoint B of point one, Fujita contends the Board committed legal error by not specifying which of the "conflicting and irrelevant findings of fact" it relied upon in making its finding that Fujita did not establish by competent and substantial evidence that Lyons abused a patient on June 9, 1984.

Findings of Fact Four, Five and Seven are:

> 4. On June 9, 1984 sometime between 7:45 a.m. and 8:00 a.m. the Appellant was seen by her supervisor striking at a patient with a belt. She was seen to strike the patient several times with the belt.

A co-worker testified that at the same time she saw the Appellant striking at a patient.

5. The Appellant's testimony was that she did not strike a patient and that she did not have a belt in her hand at that time. The Appellant's testimony is that she had articles of clothing in her hand and was gesturing with her hand to direct the patient who was standing in the hallway without any clothes on to get him to return to the shower room.

7. The Board finds that the Appointing Authority did not establish by competent and substantial evidence that a patient was abused on June 9, 1984 by the Appellant, or that Appellant committed this act.

The Board determined in Finding of Fact 7 that Fujita did not establish by competent and substantial evidence that Lyons abused a patient on June 9, 1984. The Board specified in Finding of Fact 7, albeit sub silentio, its adoption of Finding of Fact 5 and rejection of Finding of Fact 4.

■ The Board's Findings of Fact, Conclusion of Law, and Order when read as a whole, state generally and specifically what the Board ultimately decided and why. The inconsistent language in paragraph 4 does not require us to find otherwise. *Citizens State Bank v. State Banking Board*, 602 S.W.2d 895, 897 (Mo.App.1980).

■ In subpoint C of point one, Fujita contends the Board committed legal error by considering the absence of marks or bruises on the patient, the failure of Bailey to promptly report the abuse, and the length of Lyons' service with the state. Fifteen or twenty minutes after the alleged act of abuse, Bailey examined the patient. She found no marks or bruises. Fujita contends that by explicitly referring to the absence of marks or bruises, the Board is suggesting that hospital staff workers are free to strike patients with impunity, so long as their actions do not leave visible marks. The Board was not so suggesting. Lyons was accused of striking the patient several times on the bare skin with a belt with such force that the sound of the belt

hitting the patient's skin was heard by Ms. Stevens who was down the hall from the shower room. Such blows could have caused marks which would have been visible for longer than twenty minutes. The absence of any such marks when Bailey examined the patient fifteen or twenty minutes after the alleged incident was relevant and probative on the issue of whether Lyons struck the patient with a belt. The absence of marks tended to disprove, under these particular circumstances, the accusation of Lyons striking the patient with a belt. Fujita's point is without merit.

Fujita also submits that the Board erred by considering Bailey's failure to follow established procedures and immediately report the incident of abuse. Fujita contends that the amount of time it took Ms. Bailey to report the matter was simply not relevant to either her credibility or whether an act of abuse occurred. "Evidence is considered relevant if the fact it tends to establish, tends in turn to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principle issue. *Curry and Co. v. Hedrick*, 378 S.W.2d 522, 536 (Mo.1964).

■ Inaction and silence are often significant in circumstances where, if something had gone amiss, action and words would be expected. Inaction and silence can be offered as circumstantial evidence of the actor's belief in a certain fact and, ultimately, the fact itself. Lovisell, Federal Evidence § 414 (1980). Such inaction and silence are forms of non-assertive conduct, and are not hearsay. Federal Rules of Evidence 801, Advisory Committee's Note, Subdivision (a); Mo. Evidence Restated, Sec. 26 (Mo. Bar 1984).

■ Established hospital procedures placed a duty on Bailey to promptly report incidents of patient abuse. Bailey's procedural silence on the day of the alleged incident of abuse tends, circumstantially, to prove that an act of abuse had not occurred. Bailey's failure to report the alleged act of abuse on the day it was supposed to have occurred is non-assertive con-

duct evidencing the nonoccurrence of abuse. The Board did not err in receiving evidence regarding Bailey's failure to report, posthaste, the alleged incident of abuse.

Fujita also contends the Board erred by considering Lyons' length of employment with the state hospital. Fujita admits in the argument portion of his brief that his point is based upon an inference. Fujita infers that the Board considered Lyons' length of employment because on Finding of Fact 1, the Board observed she was hired on September 16, 1963. To consider Fujita's point would require us to engage in conjecture as to what the Board considered in making its determination; this we decline to do. We have no way of knowing whether the Board considered Lyons' length of employment at arriving at its decision. Fujita's point is without merit.

In Fujita's second point, he argues the Board's decision was unreasonable and contrary to the overwhelming weight of the evidence because: (A) the Board failed to specify which portions of two independent eyewitnesses' testimony it found not credible and (B) the Board apparently believed Lyons' testimony without considering aspects of it which were irreconcilably inconsistent with other evidence in the case.

■■■■■ Fujita correctly states that an agency may not arbitrarily disregard or ignore the *undisputed* testimony of a witness not shown to have been impeached or disbelieved by the agency, relying on *Vaughn v. Labor and Industrial Relations Commission*, 603 S.W.2d 63, 66 (Mo. App.1980); *Wilson v. Labor and Industrial Relations Commission*, 573 S.W.2d 118, 121 (Mo.App.1978); *Koplar v. State Tax Commission*, 321 S.W.2d 686, 694 (Mo. 1959) (emphasis added). The record on appeal poignantly reveals *direct conflict* between the testimony of Bailey and Stevens, and that of Lyons. Therefore, the principle contained, in the cases relied on by Fujita and urged upon us, a standard the Board failed to follow is not relevant to this case as the testimony of Bailey and Stevens was disputed. Essentially, the Board was faced with a credibility issue. Determination of the credibility of witnesses is a function of the Board. *Shank*, 542 S.W.2d at 781. Subpoint A of Point II is without merit.

In subpoint B of Fujita's Point II he argues that the Board's decision was unreasonable and contrary to the overwhelming weight of the evidence because the Board adopted Lyons' testimony even though there were aspects of it which were irreconcilably inconsistent with the testimony of Bailey and Stevens. Naturally, in a contested matter, in which the versions of an event are in conflict, the evidence will contain testimony which is irreconcilable and inconsistent. The testimony cannot be simultaneously true, and it is the province of the fact finder to ferret out the truth. We do not characterize, as does Fujita, the Board's fact finding process as one of adopting Lyons' testimony without considering those aspects of it which were inconsistent with Stevens' and Bailey's. Rather, we characterize the process as believing Lyons and disbelieving Stevens and Bailey. Fujita complains, "The Personnel Advisory Board made no attempt to reconcile the conflicting testimony." Where Fujita received the notion the Board's task is the reconciliation of conflicting testimony was not revealed in his brief. Truth finding, not reconciliation, is the task of the Board. Fujita's second point is devoid of merit.

The Decision and Order of the Personnel Advisory Board is affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.