**Dale W. MUELLER and Edward M. Starks, Respondents,**

v.

**Gerald H. JONES Appellant.**

**No. WD 45471.**

Missouri Court of Appeals, Western District.

June 21, 1992.

Richard N. Ward, City Atty., Dorothy L. Campbell, Asst. City Atty., for appellant.

George A. Wheeler, Kansas City, for respondents.

Before LOWENSTEIN, C.J., and BERREY and HANNA, JJ.

LOWENSTEIN, Chief Judge.

This appeal follows a ruling by the circuit court which found two Kansas City employees wrongfully discharged when their department was reorganized and they failed to pass entry level tests required of new employees in the reorganized department. The Kansas City Personnel Appeals Board, which was created by city charter to handle personnel grievances, found the employees properly discharged. The issue before this court is whether that decision was incorrectly overturned by the circuit court.

## I. Facts on appeal

The defendant, Gerald H. Jones, is the Director of the city's Department of Codes Administration (Department), and in such capacity is responsible for inspection of construction, elevators, pressure vessels, underground storage, etc. Before 1984, every employee was a specialist in a certain type of inspection, so that an electrical inspector did only electrical inspections, and a plumbing inspector did only plumbing inspections. This meant that a particular building would need visits by several different inspectors from the Department. Between 1984 and early 1985, Jones decided to reorganize the Codes Department. Working with the city Personnel Department, he eliminated the old descriptions and created new job descriptions, resulting

in each inspector being fully able to perform all inspection functions.

Nine different inspector categories were reduced to three, with Construction Code Inspector being the new entry level position. This new position required: 1) a Bachelor's degree in construction technology *or* 2) an Associate's degree with two years of code experience, *or* 3) a high school diploma with four years of trade experience *and* a passing grade on the first four national code certification tests. The reorganization plan called for operation with parallel positions for several years, provided training seminars and tutoring to help the old employees pass the required tests, and since the old positions were not totally eliminated until May 1990, essentially gave the old employees from 1985, to May 1990, to pass these tests.

Neither plaintiff in this case had a Bachelor's or an Associate degree, so in order to keep their jobs with the Department under the new system, they needed to pass the four code certification tests to qualify for Construction Code Inspector. In 1988, neither Mueller nor Starks had passed any of the tests, and were notified that they must do so or their jobs would be eliminated in May of 1989, when the city's new pay ordinance was passed. Both Meuller and Starks took the tests several times and failed them each time before the pay ordinance was passed.

Actually, the ordinance was not passed until May of 1990, at which time Mueller and Starks' still had not passed all the tests, and their old positions were terminated. The city then placed both plaintiffs on contract for 90 days to allow them additional time to re-take the failed certification tests. Both again failed the tests, and they were terminated on October 16, 1990, due to retrenchment and failure to meet the minimum qualifications for Construction Code Inspector. At the time of termination, Mueller had passed only two of the four tests, while Sparks had passed three of the four tests.

The plaintiffs appealed the termination to the city Personnel Appeals Board. At the hearing before the Board, both plaintiffs admitted that they did not have the minimum qualifications necessary to be hired as Construction Code Inspectors, and neither attacked the power of the Department to change its job classifications or raise its minimum qualifications. The record of the hearing reveals that the entirety of the plaintiffs' grievance is that they should be given more time to pass the required tests.

On appeal to the circuit court, that court stated that since no ordinances were offered into evidence at the Personnel Board hearing, the circuit court had nothing to review to see if Jones and the Personnel Board had acted in accordance with personnel policies and guidelines. The court therefore declared it could not determine upon what legal basis the Personnel Board made its decision. The court set aside the plaintiffs' terminations, finding the Personnel Board's actions "in excess of [its] jurisdiction," "unauthorized by law," "arbitrary, capricious, and unreasonable, and an abuse of discretion."

## II. The Personnel Board's decision

This court is reviewing an administrative decision upholding the termination of two employees by their city employer, and as such this court reviews the decision by the administrative agency, not the circuit court, *Watkins v. State Board of Registration for Healing Arts*, 651 S.W.2d 582 (Mo.App.1983). Initially, this court points out that the applicable standard of review is whether the Personnel Board's decision is arbitrary, capricious, or an abuse of discretion, *Greene County v. Hermel, Inc.*, 511 S.W.2d 762 (Mo.1974); *Hermel Inc. v. State Tax Com.*, 564 S.W.2d 888 (Mo.1978); § 536.140, RSMo. Under this standard, an appellate court may only ask whether the Board's decision is supported by competent and substantial evidence on the whole record, *Holt v. Personnel Advisory Bd. of State*, 679 S.W.2d 340, 342 (Mo.App.1984); *Becker v. Missouri Dept. of Corrections and Human Services*, 780 S.W.2d 72, 76 (Mo.App.1984). Further, the evidence before the Personnel Board will be considered by this court in the light most favorable to

the Board's decision, together with all reasonable inferences which support it, *Bell v. Board of Education*, 711 S.W.2d 950, 955 (Mo.App.1986).

■ Although the circuit court felt that the Personnel Board did not have the jurisdiction or authority to terminate the plaintiffs, it is mistaken. First, section 125 of the Kansas City Charter establishes the right of any city employee to go before the Personnel Board for review of any removal, reduction in rank, or suspension of any city employee, and such charters are open to judicial notice by courts of this state, *Forste v. Benton*, 792 S.W.2d 910, 914 (Mo. App.1990).[1] Second, the Personnel Board did not fire the plaintiffs, the city did, and so the Board's "authority" to terminate is not at issue.

■ Also, the circuit court's decision based upon lack of evidence of controlling ordinances is misplaced. The plaintiffs' attorney did argue to the Personnel Board that the reorganized department and the new system discriminated against old employees without college degrees. However, introducing into evidence the pay ordinance and the new personnel rules of the codes department was irrelevant to this argument, since both Jones and the plaintiffs agreed on what the ordinance did, as well as what the new qualifications were. There are no ordinances at issue here. In any event, plaintiffs may not add a claim at the appellate level, which is essentially their aim, since no mention of "without authority of law" was uttered at the hearing. *Mills v. Federal Soldiers Home*, 549 S.W.2d 862 (Mo.1977) (agency should have opportunity to consider issue before court sets aside action on basis of that issue).

The decision of the Personnel Board was that the city terminated the plaintiffs for just cause, due to retrenchment and failure to meet minimum qualifications for an entry level position. The board also found the plaintiffs had adequate notice, opportunity, and training to qualify, but failed to seek to diligently do so. This court holds that the decision of the Personnel Board is supported by competent and substantial evidence, and affirms that decision, *Holt v. Personnel Advisory Bd. of State*, 679 S.W.2d 340, 342 (Mo.App.1984).

The facts supporting the Personnel Board's finding of proper termination, viewed in the light most favorable to the Board's decision, *Bell v. Board of Education*, 711 S.W.2d 950, 955 (Mo.App.1986), are: the city reorganized its inspection department, plaintiffs failed to meet minimum entry level qualifications, plaintiffs could not pass all four of the required tests for the entry level position, plaintiffs had nearly five years to pass the required tests, the city paid for or reimbursed these plaintiffs for all tests they took, the city set up training sessions and supplied training materials for plaintiffs, all other personnel who attempted to pass the tests did so (with the exception of one employee who resigned), the city employed the plaintiffs as contract employees for three months after their termination to allow for more test-taking, and, both plaintiffs admitted they did not have the minimum qualifications necessary to hold the new job classification of Building Construction Inspector.

Finally, this court agrees with the Personnel Board that the actions of the city, in offering training to the plaintiffs, paying for the tests, and giving plaintiffs extension after extension in order to qualify for the entry level job, were more than fair. There is no suggestion of discrimination, unfairness, or inequality in the requirement of qualifying tests for entry level workers without college degrees. In fact, any employee, with or without a degree, who wished to advance to the next level in the reorganized department would have to pass the test series complained of in this case. Further, Jones testified that roughly equal numbers of new employees have been hired under the three different qualification cate-

---

1. This court also notes that the power of the Personnel Board was not called into question before the Board, and although the plaintiffs' Petition for Judicial Review to the circuit court alleged that the Board's decision was "[i]n excess of the statutory authority or jurisdiction of the agency," "[u]nauthorized by law," and "[m]ade upon unlawful procedure," there was no evidence offered to support this theory.

gories, so that the new system does not discourage high school graduates from entering the inspection department.

The cause is reversed and remanded, with directions to the trial court to reinstate the decision of the Kansas City Personnel Appeals Board.

All concur.