Vivian DONELSON, Plaintiff-Appellant
Cross-Respondent,

v.

The BOARD OF ZONING ADJUSTMENT
OF the CITY OF ST. JOSEPH, Missouri,
and Milton Litvak, Elton Klamm, Daniel J.
Patton, J. Doyle Norris and Chris Marolis,
the members thereof, Defendants-Respond-
ents Cross-Appellants.

No. 23788.

Kansas City Court of Appeals.

Missouri.

June 3, 1963.

Brown, Douglas & Brown, St. Joseph, for appellant.

J. W. Roberts, St. Joseph, for respondents.

CROSS, Judge.

This is an appeal from the judgment of the circuit court rendered in review proceedings affirming an order of the Board of Zoning Adjustment of the City of St. Joseph. Cross appeals have been taken both by plaintiff, an owner of a residence property in St. Joseph, and by the defendants—the board and its members. Plaintiff has made no appearance and has filed no brief. The only putative appeal issues before us have been presented by defendants, hereinafter sometimes referred to as "the board".

The controversy arose in October, 1961, at which time plaintiff undertook to establish and operate a beauty shop in her dwelling house located in a district zoned by ordinance for one-family dwellings, and classified as an " 'A' One-Family Dwelling District". Applicable zoning ordinances restricted the use of buildings located in that district to one-family dwelling purposes and to " * * * customary home occupations such as music or dancing lessons, laundry work or dressmaking situated in the dwelling and carried on only by members of the household of the person occupying such dwelling as his or her private residence, *provided no window or other display or sign is used to advertise such occupation;* provided no commodity is sold upon the premises; *provided no mechanical equipment is installed or used except such that is normally used for domestic or household purposes * * *.".* (Our italics.)

In order to obtain an occupation license to operate the contemplated business in her home it was required by ordinance that plaintiff first secure a "use permit" from the city's superintendent of buildings in the form of a certificate that the proposed business or use is not prohibited by the zoning ordinances. On October 5, 1961, plaintiff applied to the building superintendent for the desired use permit to operate a beauty shop in her home as a "customary home occupation". Her application was denied by the official. Thereafter she duly appealed to the defendant Board of Zoning Adjustment.

Following the first of two hearings by the board, that administrative body affirmed the action of the building superintendent and denied plaintiff's application for a use permit. Thereupon she filed her petition for certiorari in the circuit court, pursuant to which that court issued its writ of certiorari directing the board to certify and return its transcript of the hearing proceedings. Upon reviewing the transcript the circuit court made no order except to remand the cause to the board for further hearing and consideration. A second hearing was held by the board, and additional testimony was heard. Again, the board sustained the action of the building superintendent in refusing plaintiff the use permit and "denied" the appeal. The transcript of the second hearing was duly forwarded to the circuit court for its further consideration of the issues raised by the petition for certiorari.

The evidence heard by the board and reflected by the two transcripts establishes the following material facts: Plaintiff, who as a "beautician" had operated a downtown shop over fifteen years, planned to install the proposed beauty shop in her home basement with a private rest room for patrons, a separate entrance, private sidewalk, and parking space for five cars. Her hours of operation would be from 9:30 A.M. to 3:30 P.M. She would sell no merchandise. There would be a sign placed on a lamp post next to the house to comply with the rules of the State Board of Cosmetology. The shop would be equipped with two electric chair-type hair dryers costing $200.-00 apiece. Other equipment would include a hydraulic chair and a reclining shampoo chair costing together $500.00. Plaintiff had actually remodeled the basement into a

finished room approximately twelve by fifteen feet in size, with mahogany wall paneling, counter space, sink, mirrors, a supply room and rest room. The room ceiling was covered with acoustical tile and had recessed lighting. The floor was to be tiled. A separate entrance was constructed, connected to the driveway by a new sidewalk. Necessary plumbing, concrete and electrical work was done. The remodeling above noted was done at a cost of $2808.00 and the beauty shop equipment cost was estimated at between $1000.00 and $1500.00. An inspector for the State Board of Cosmetology testified that there were 56 commercial beauty shops in St. Joseph and 75 "one woman operated residence beauty shops". The witness further testified plaintiff's proposed shop would be far better than the average home shop and would be about the same as a commercial shop. He also stated that it was necessary for plaintiff to display a sign in order to operate her shop as planned. Section 15, Rules and Regulations of the State Board of Cosmetology provides: "Signs—Every beauty shop * * shall be provided with a sign designating the services offered and located so as to be clearly visible to the passerby". Various residents of the plaintiff's neighborhood testified in protest to the issuance of the use permit on the grounds that plaintiff's proposed beauty shop would create a traffic hazard affecting the safety of the children, devalue their property and tend to cause other businesses to open in the neighborhood. A protesting petition purportedly bearing the signatures of all residents in the block where plaintiff's dwelling is located was also filed.

The final pronouncement of the trial court on the review issues was in the form of a preliminary written memorandum opinion, consisting of various fact findings and conclusions of law, filed together with the ensuing judgment from which this appeal arose. The judgment, omitting recitals, is as follows: "WHEREFORE, it is adjudged and decreed by the Court that the decision of the Board of Zoning Adjustment is affirmed * * *".

The board makes no complaint of the judgment in respect of its mandatory or decretal portion wherein "it is adjudged and decreed by the court that the decision of the Board of Zoning Adjustment is affirmed". It is admitted by the board that "The Court came to the same final conclusion as the Board", and that "the Court and Board did not differ in substance but (only) in approach". The grievances asserted by the board as grounds for this appeal are contained in assignments of error complaining essentially that the trial court should have affirmed the board's order without making additional findings of fact and conclusions of law "which were outside the court's statutory power and which were not necessary to the affirmance of the Board's order"; that certain of those findings and conclusions were erroneous; that the trial court erred in failing to rule upon the legality or illegality of the board's order; and, that the court erred in substituting its discretion for that of the board upon factual issues.

The assignments before us present nothing for our determination. "Where a final judgment in a matter grants to the appellant all the rights and relief he could possibly receive in a cause of action, there is no point in considering possible error in the case, and any error preceding the judgment becomes harmless". 5 Am.Jur.2d, Appeal and Error, Sec. 776, p. 219. Furthermore, "The judgment of the intermediate court, not the reasons assigned for it in the opinion of that court, is the subject of review on appeal to a higher court, and error cannot be assigned in the higher court on the opinion of the intermediate court". 5B C.J.S. Appeal and Error § 1813, p. 149. Hence, says that authority, " * * * if the decision of the intermediate court can be upheld on proper grounds, it is immaterial that the decision was based on an erroneous ground".

■ The rule last quoted above is stated in 5 Am.Jur.2d, Sec. 727, p. 170, as follows: "According to the essence of its function, an appellate court is concerned with whether the holding, and not with whether the reasoning, of the decision appealed from is correct, and generally a correct decision will not be disturbed on appeal because it is based on an incorrect ground, * * *". This is so because the force of a judgment does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. 49 C.J.S. Judgments § 71, p. 189. This rule was recognized and applied in Ford v. Boyd, Mo.App., 298 S.W.2d 501, and Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. The foregoing principles are reflected in the following statement quoted from 101 C.J.S. Zoning § 388, p. 1233: "As in other civil cases, on further review of proceedings before zoning officials or boards errors which are harmless or not prejudicial will not justify disturbance of the decision of the lower court. An erroneous conclusion of the court below is harmless where there are other valid grounds to support its judgment".

In this case the appealing board has been granted "all the rights and relief * * * (it) * * * could possibly receive" by the judgment of the trial court which unqualifiedly affirms the order appealed from, and, perforce, adjudicates the legality thereof. As we have demonstrated above, any possible error contained in the court's memorandum opinion or in the recitals of the judgment, as contra-distinguished from the decretal portion, would be harmless and immaterial. We therefore rule that it is not necessary to consider or determine the assignments of error before us and consequently refrain from so doing.

■ In conclusion, we observe that the trial court has acted appropriately within the scope of its statutory function and authority. It is provided by Section 89.110 V.A.M.S. that the circuit court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review". These provisions limit the authority of the circuit court to the correction of illegality in orders made by the Board of Adjustment. Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491; State ex rel. Nigro v. Kansas City et al., 325 Mo. 95, 27 S.W.2d 1030. However, as pointed out in the Veal case, the statutory scope of review must be read in the light of the minimum standard for review provided by V.A.M.S., Const., Art. V, Section 22, requiring that the review of all final decisions of any administrative body in which a hearing is required shall include the determination whether the same are supported by competent and substantial evidence upon the whole record.

■ We are convinced by our review of the record that the trial court's judgment of affirmance (which amounts to an adjudication that the board's order was not illegal) is supported by "competent and substantial evidence upon the whole record". It is clearly apparent from the evidence that plaintiff property owner was not entitled to issuance of the use permit she sought because the proposed use was not within the permissive provisions of the zoning ordinance.

The judgment is affirmed.

All concur.