**CITY OF FESTUS, Respondent,**

v.

**Clemens WERNER, Appellant.**

**No. 46073.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 9, 1983.

Joseph P. Cunningham, III, Festus, for appellant.

Patrick J. Healey, Festus, for respondent.

SMITH, Judge.

Defendant appeals from his conviction of violation of a municipal ordinance of the City of Festus prohibiting the creation or generation of disagreeable odors. He was fined $75. We reverse.

Defendant operates a roofing company located in the City of Festus. The company moved its present location in 1973 or 1974 after obtaining permission from the Planning and Zoning Commission of the City and the City Council. The business is bordered by a junk yard, a railroad, and residential homes. The company uses large tank trucks for delivery of roofing tar and asphalt to job sites. The tar solidifies on occasion due to weather conditions or disuse and the tanks must be heated to liquefy the tar. The tank trucks have their own heating units to keep the tar warm and liquid. Frequently when the tar has solidified the heating is done at the company's premises rather than at the job site. The tanks are heavily insulated and sealed with a 1½ inch vent pipe on the top to allow steam to escape. The trucks also have a manhole

which is normally closed, even during the heating process. If the manhole is left open some odor might be emitted.

Following complaints from residents of the area, defendant was served with a notice requiring him to "abate the Public Nuisance of heating tar in tanker trucks" at the business premises. Upon his alleged failure to do so, defendant was charged with violation of the disagreeable odors ordinance and with failing to comply with the abatement notice. He was convicted of the former charge.[1]

The "disagreeable odors" provision is section 9 of a 23 section ordinance dealing with nuisances. Section 9 in entirety provides as follows:

"*Odors From Vegetable and Animal Products.* The rendering or heating or steaming of any animal or vegetable product or substance creating or generating noisesome (sic), disagreeable or unwholesome smells, odors or gaseous vapors shall be done and conducted in steam tight kettles, tanks or boilers and such methods adopted as shall entirely condense, decompose, deodorize and destroy such smells, odors and vapors."

■ Defendant raises several contentions on appeal. We need deal only with his claim that the ordinance section under which he was convicted is unconstitutionally vague. We recognize that the vagueness doctrine has itself some of the attributes of that term. Nevertheless, it is based upon solid constitutional principles of due process found in the Fifth and Fourteenth Amendments to the United States Constitution and Missouri Constitution Art. 1, Sec. 10. Due process requires that laws provide notice to the ordinary person of what is prohibited and that such laws provide law enforcement officials with standards so as to prevent arbitrary and discriminatory enforcement. *Olympic Drive-In Theatre, Inc. v. City of Pagedale,* 441 S.W.2d 5 (Mo.1969) [1, 2]; *Postscript Enterprises, Inc. v. Whaley,* 658 F.2d 1249 (8th Cir.1981) [7, 8];

*Geiger v. City of Eagen,* 618 F.2d 26 (8th Cir.1980) [6].

In *City of Milwaukee v. Milbrew,* 240 Wis. 527, 3 N.W.2d 386 (1942), the court was dealing with an ordinance declaring the emission of foul and offensive odors to be a public nuisance. In holding the statute unconstitutionally vague the court stated:

"[t]o construe this ordinance as attempting to condemn as 'offensive' any odor that is disagreeable to, or disliked by, an indefinite number of persons in a given neighborhood would render the legislation void as too vague and indefinite for enforcement, ... (citations omitted) or would turn the question of the existence of a nuisance into a plebiscite of the neighborhood and amount to an unlawful delegation of authority."

■ The ordinance here is similarly vague. It prohibits the rendering, heating or steaming of *any* animal or vegetable product which creates disagreeable odors. "Disagreeable" is not defined, nor is any quantum of such odor established as necessary for violation. The ordinance does not provide who shall make the determination of "disagreeable," nor provide any standard for making such a determination. Animal or vegetable heating, rendering or steaming could encompass virtually every use of fire or heat other than electrical smelting or welding. Violation of the ordinance depends on the vagaries of human response to smells and language of the ordinance provides no guide to police, prosecutors, judges, or jurors as to the standards to be applied in determining whether a violation has occurred. The ordinance might apply to leaf burning, barbecuing, clam steaming, pipe smoking, or automobile driving if a witness could be found who regarded the odors emanating therefrom as disagreeable. Section 9 of the ordinance is too vague to be enforceable or constitutional.

Judgment reversed.

PUDLOWSKI, P.J., and KELLY, J., concur.

1. No question is raised, and so we need not review, whether the evidence is sufficient to establish defendant's responsibility for viola- tion of the "disagreeable odors" ordinance vis-a-vis the corporation's responsibility for such violation.