**J.R. GREEN PROPERTIES, INC.,
Plaintiff/Appellant,**

v.

**CITY OF BRIDGETON, et al.,
Defendants/Respondents.**

No. 59738.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 24, 1992.

Barry J. Klinckhardt, Ballwin, for plaintiff/appellant.

William A. Richter, Robert Schultz, St. Louis, for defendants/respondents.

SMITH, Presiding Judge.

Plaintiff appeals from the judgment of the trial court finding the present zoning of R–3 on property owned by plaintiff in defendant city to be reasonable. We affirm.

The property in question is located at the southwest corner of the intersection of Natural Bridge and Fee Fee Roads. Plaintiff originally purchased 51 acres at that intersection. The purchase was contingent upon a portion of the land being rezoned to commercial. Plaintiff subsequently waived that contingency. After purchasing the land plaintiff and two other developers developed Cambridge Crossing subdivision with homes compatible with the R–3 zoning. That subdivision comprised 46 acres of the original purchase. The tract for which rezoning is sought here is the remaining five acres of that purchase located at the intersection. In developing the subdivision plaintiff made no provision for entry into the five acre tract from the subdivision. Consequently, the tract is accessible only from Natural Bridge and Fee Fee Roads. Natural Bridge is a state highway and major thoroughfare; Fee Fee is a feeder or collector road. Although it was always plaintiff's intention to develop the tract in question as commercial it did have

prepared plans for development of the entire 51 acre tract as part of the subdivision, which plans were utilized to obtain bank financing. There was evidence that the five acre tract could be developed with single family residential compatible with the R–3 zoning with access provided from Natural Bridge and Fee Fee Roads.

The area in immediate proximity to the tract is predominately residential in use and zoning. The southeast corner of the intersection is a 23 acre vacant lot zoned R–3. The northwest corner has an old house and is zoned R–3. The northeast corner has a limited commercial development for which it is zoned. The testimony indicated that this commercial area is long-standing predating the development of the city's present comprehensive development plan. The areas immediately to the south and west of Cambridge Crossing are residential. The city has consistently maintained the residential nature of the area and in fact has rezoned land in the area from commercial to residential.

 Zoning, rezoning, and refusals to rezone are legislative acts. Our standard of review is *de novo,* with deference, however, to the ability of the trial court to assess credibility. *Rhein v. City of Frontenac,* 809 S.W.2d 107 (Mo.App.1991) [2–5]. A zoning ordinance is presumed to be valid, the burden of proving unreasonableness is on the challenger. *Id.* Any uncertainty regarding the reasonableness of a zoning ordinance is resolved in the municipality's favor. *Elam v. City of St. Ann,* 784 S.W.2d 330 (Mo.App.1990) [4]. If the issue of reasonableness is at least fairly debatable the court may not substitute its opinion for that of the municipality. *Id.* To determine the reasonableness of a zoning ordinance the detriment to the private interest is weighed against the public benefit. *West Lake Quarry v. City of Bridgeton,* 761 S.W.2d 749 (Mo.App.1988) [1–7]. Factors to be considered are the zoning and use of the surrounding property, adaptability of the property to the current zoning, effect of the zoning on the value of land and the effect removal of the zoning would have on nearby property. *Id.* Increased

value of the land from rezoning is relevant but not decisive. If it were the determinative factor then residential areas would be difficult to maintain for commercial land has a higher market value than residential. *Tealin Co. v. City of Ladue,* 541 S.W.2d 544 (Mo. banc 1976) [1]. Adherence of the municipality to a comprehensive plan for its development is also a factor to be considered. *Sengra Corporation v. Metropolitan Dade County,* 476 So.2d 298 (Fla. App.3d Dist.1985) [l.c. 299].

 The overall nature of the nearby property is residential. The city has adhered, at least in this area, to its comprehensive plan of development. The tract as originally acquired by plaintiff was fully capable of residential development although possibly at a lower profit than by development of the forty six acres. The nonadaptability to residential development claimed by plaintiff arises from its action in not including the five acre tract in the Cambridge Crossing development and in precluding access to the five acre tract from the subdivision. Allowing a property owner to structure its development of its property in such a way as to make a portion of that property unusable under current zoning and thereafter hold that zoning unreasonable removes from the municipality the recognized power to control its development. To the extent that the property is now unusable for residential development the damage is self-inflicted. Self-inflicted harm in land use planning does not entitle one to rezoning. One who purchases realty with the intention of applying for a variance cannot contend that restrictions caused him such peculiar hardship that he is entitled to special privileges. *Rush v. City of Greenville,* 246 S.C. 268, 143 S.E.2d 527 (1965) [7, 8]; *Witherspoon v. City of Columbia,* 291 S.C. 44, 351 S.E.2d 903 (App.1986) [l.c. 904]. *See also, Marvin E. Nieberg Real Estate Company v. St. Louis County,* 488 S.W.2d 626 (Mo. 1973) which addresses self-inflicted hardship in the context of eminent domain. Additionally, there was credible evidence that in fact the land can economically be developed for residential use under the R–3 zoning.

There was substantial evidence that there existed a large difference in value between the property as commercial and as residential. That factor is not decisive. Further it is to be noted that the plaintiff purchased the property zoned residential and paid a price based on that residential zoning. There was evidence that a rezoning and development of the property as commercial would have an adverse effect upon Cambridge Crossing and upon the residential areas in proximity to the five acre tract.

The record here establishes that it is at least fairly debatable whether the present zoning of plaintiff's property is reasonable.

Judgment affirmed.

KAROHL and AHRENS, JJ., concur.