**ST. LOUIS COUNTY, Missouri,**
**Appellant,**

**v.**

**Edward C. KIENZLE, et al., Respondent.**

**No. 61492.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 29, 1992.

Patricia Redington, Clayton, for appellant.

Robert J. Koster, Elizabeth D. Odell, King, Koster & Murphy, Clayton, for respondent.

SIMON, Judge.

Edward C. Kienzle and Patricia Kienzle, appellants, appeal from the judgment of the trial court in favor of respondent, St. Louis County. Appellants were enjoined from operating an insurance and bonding business out of their home, in violation of the zoning ordinance of St. Louis County, to the extent that such operation involved the employment of individuals who were not members of appellants' family residing on the premises. Appellants essentially contend that the trial court erred in concluding that (1) the employment of persons other than family members residing on the premises is an illegal and unlawful business operation on the premises under the zoning ordinance; and (2) the ordinance's prohibition of non-resident employees in a home occupation is constitutional. We affirm.

In June of 1987 appellants finalized construction of, and at all relevant times owned, a house in an R–2 zoning district in an unincorporated area of St. Louis County. As a structural part of the house, appellants built an office for the specific purpose of operating an insurance and bonding business on the premises. Appellants employed two blood relatives, a niece of each appellant, to act as secretaries for their home-based business. Neither niece resided on the premises, and each drove her own car to work daily. After a trial at which both appellants and the County presented evidence, the trial court concluded that the business operated by appellants did not constitute a home occupation as defined in the ordinance insofar as the business employs persons other than resident members of the family, that neither niece was a member of appellants' "family" as that term is defined in § 1003.020.2.(28) St. Louis County Revised Ordinances (SLCRO) (all further references shall be to SLCRO unless otherwise noted), and that employment of persons other than resident members of the family is an illegal and unlawful business operation on the premises.

The trial court ordered appellants to refrain from the operation of their business on the premises to the extent that such operation involved employment of any persons not both living on the premises and being members of appellants' family.

Section 1003.050 limits the use and development of land and structures within any zoning district to those uses and developments set forth in the ordinance sections applicable to the particular district. Section 1003.113.2.(6) permits "home occupation" in an R–2 residence district. Home occupation is defined as:

A domestic activity carried on *by members of a family residing on the premises,* but excluding beauty shops, barbershops, music schools, convalescent or nursing homes, tourist homes, massage or other establishments offering services to the general public, and providing that there are no signs nor any display that will indicate from the exterior of the building that it is being utilized, in whole or in part, for any purpose other than that of a dwelling; providing, also, that there is no stock-in-trade or commodity sold upon the premises, *no person is employed other than a member of the family residing on the premises,* and no mechanical equipment is used except such as is customary for purely domestic or household purposes. The keeping of not more than two (2) roomers or boarders shall be considered a permitted home occupation. The care and supervision of not more than four (4) children other than those residing on the premises shall be considered a permitted home occupation. Section 113.020.3(44). (Emphasis added.)

This definition sets forth certain restrictions which must be observed in order for an activity to be a permissible home occupation. In certain respects, appellants' operation of their insurance and bonding business was not at odds with the definition of home occupation. There was no sign or any other display indicating that a business was being conducted inside the home, no clients went to appellants' residence to conduct business, and no products or goods in trade were sold from the premises. The violation which the county alleged and sought to abate was appellants' employment of two persons (nieces) who did not live on the premises.

■ In their first point, appellants contend that the trial court erred in concluding that the employment of persons other than resident members of the family is an illegal and unlawful business operation. They argue that the trial court was required to interpret the definition of home occupation as permitting the employment of nonresident family members because the terms of the ordinance are ambiguous and support such a construction in their favor. Specifically, appellants assert that the restriction in the ordinance against employment of persons "other than a member of the family residing on the premises" may reasonably be construed as permitting the employment of family members who do not reside on the premises, and that this construction is consistent with the wording, purpose, and intent of the ordinance. Construed as such, appellants contend, their activities do not violate the ordinance since their employees are their nieces and therefore members of their family under the ordinance.

Section 1003.020.3.(29) defines family as:

An individual or two (2) or more persons related by blood or marriage or a group of not more than three (3) persons who need not be related by blood or marriage living together and subsisting in common as a single nonprofit housekeeping unit utilizing only one kitchen.

The flaw in appellants' contention that their nieces are members of their family is that the definition of family in the ordinance requires common residence. Thus, appellants' nieces would not come within the definition since they do not reside on the premises.

Notwithstanding this initial flaw in their reasoning, appellants rely on *Coots v. J.A. Tobin Construction Company,* 634 S.W.2d 249 (Mo.App.1982), for the proposition that zoning ordinances are in derogation of common law property rights and should be strictly construed in favor of the property

owner and against the zoning authority; and also for the proposition that where a term in a zoning ordinance is susceptible of more than one interpretation, the courts are to give weight to the interpretation that, while still within the confines of the term, is least restrictive upon the rights of the property owner to use the land as he wishes.

While we do not dispute with these propositions of law, they are not applicable when the language of the ordinance is unambiguous. Here, the plain language of the ordinance clearly prohibits non-resident employees in a home occupation. We do not see this language as being susceptible of more than one interpretation, least of all one that goes directly against the plain wording of the ordinance.

Also, in support of their position appellants cite and then attempt to distinguish *State ex rel. Kaegel v. Holekamp*, 151 S.W.2d 685 (Mo.App.1941), and *Donelson v. Board of Zoning Adjustment*, 368 S.W.2d 728 (Mo.App.1963). The *Holekamp* ordinance, utilizing language similar to the ordinance in the present case, defined a home occupation as "any occupation in connection with which there is ... no person employed other than a member of the immediate family residing on the premises". *Id.*, 151 S.W.2d at 688[2]. The court upheld the action of the Building Commissioner denying a certificate of occupancy of the premises as a residence and as a place for giving private instruction in aesthetic dancing. *Id.*, at 686. The court held that the proposed use was "in no sense an undertaking customarily incident to the use of the premises for residential purposes." *Id.*, at 689[3]. The court continued:

> Moreover, there are persons employed to assist in the work other than members of the family residing on the premises. No one suggests that the part time pianist, who is employed by the hour, is a member of the family, nor for that matter, do we think that the sister-in-law is to be so regarded either, when her presence on the premises is primarily for the purpose of assisting Mrs. Kaegel in giving dancing instructions, and she has a home of her own elsewhere to which she repairs

over week ends when there are no dancing classes with which she may assist. *Id.*

The *Holekamp* holding does not assist the appellants. The court, citing the fact that the sister-in-law's presence on the premises was primarily for the purpose of assisting in dance instruction and not residential, found that under the ordinance the activity was not a home occupation and upheld the denial of the occupancy permit.

Here, since the ordinance is similar to the *Holekamp* ordinance, the same reasoning is applicable. Therefore, appellants' employment of their non-resident nieces takes the activity out of the definition of home occupation.

Further, the *Donelson* case, 368 S.W.2d at 728, is inapposite. Under the facts of that case, the plaintiff sought an occupation license to operate a beauty shop in a district zoned for one family dwellings. The ordinance restricted use of buildings in that district to one-family dwelling purposes and to "customary home occupations" with certain examples of such occupations listed. *Id.*, at 729. There were several restrictive provisions on these occupations including, among others, that they be carried on only by members of the household of the person occupying such dwelling as his or her private residence. *Id.* While the reasons for the denial of the occupation license by the Board of Zoning Adjustment were not set forth, suffice it to say that under the facts in *Donelson*, the denial there may have been based on any or all of several factors. The provision requiring that home occupations be carried on only by members of the household was not construed in that opinion, nor was there any mention that plaintiff there employed individuals not residing on the premises. Thus, we find *Donelson* of no assistance in resolving the issues presented here.

We find that the language of the St. Louis County ordinance is unambiguous, and does not support the interpretation urged by appellants.

Appellants contend further that if this court cannot sustain their interpretation of

§ 1003.020.3.(44), then alternatively the ordinance should be declared invalid and unconstitutional on its face because the prohibition against non-resident employees who are family members is not clearly defined and therefore void for vagueness.

■ In order to properly raise a constitutional question, appellants are required to: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated; (3) state the facts showing the violation; (4) preserve the constitutional question throughout for appellate review. *City of Eureka v. Litz,* 658 S.W.2d 519, 521[2, 3] (Mo.App.1983). Here, the record reflects that appellants did not raise the vagueness issue in their answer or at trial. Thus, the issue was not raised at the first available opportunity and therefore not preserved for appellate review.

■ In any event, appellants' vagueness claim is without merit. The vagueness doctrine is based upon principles of due process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution. *City of Festus v. Werner,* 656 S.W.2d 286, 287[1] (Mo.App.1983). Due process requires that laws provide notice to the ordinary person of what is prohibited and that such laws provide law enforcement officials with standards so as to prevent arbitrary and discriminatory enforcement. *Id.* If the terms or words used in the ordinance are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty. *State ex rel. Cook v. Saynes,* 713 S.W.2d 258, 260[1] (Mo. banc 1986).

■ Here, the language of the ordinance clearly prohibits non-resident employees in a home occupation. We do not find the terms of the ordinance "so vague that persons of common intelligence must guess at its meaning and would differ as to its application." *State ex rel. Casey's General Stores v. City Council of Salem,* 699 S.W.2d 775, 777[5] (Mo.App.1985). We find the ordinance provides ample notice that the employment of non-residents is prohibited and that the ordinance provides law enforcement officials with clear standards so as to prevent arbitrary and discriminatory enforcement. We therefore reject appellants' contention that the ordinance is void for vagueness. Point denied.

Appellants' second point is that § 1003.020.3.(44), the definition of home occupation, is unconstitutional as applied to them in that it is arbitrary and capricious in its prohibition of employment of family members and hence deprives them of property without due process of law under the fourteenth amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution.

■ Zoning is a legislative act, and our standard of review is de novo, with deference, however, to the ability of the trial court to assess credibility. *J.R. Green Properties v. Bridgeton,* 825 S.W.2d 684, 686[1–7] (Mo.App.1992). Due Process requires that zoning bear a substantial relationship to health, safety, morals, or public welfare, and the constitutional standard is essentially one of reasonableness. *Elam v. City of St. Ann,* 784 S.W.2d 330, 334[1] (Mo.App.1990). A zoning ordinance is presumed valid and any uncertainty regarding its reasonableness is resolved in the county's favor. *J.R. Green Properties,* at 686[1–7]. If the issue of reasonableness is at least fairly debatable the court may not substitute its opinion for that of the county. *Id.* To determine the reasonableness of a zoning ordinance the detriment to the private interest is weighed against the public benefit. *Id.*

■ Appellants, as challengers of the ordinance, have the initial burden of establishing that the detriment of the existing zoning to them outweighs the benefit to the general public. *Rhein v. City of Frontenac,* 809 S.W.2d 107, 110[7, 8] (Mo.App.1991). Once they have satisfied that burden this court determines whether the county's evidence makes continuance of the existing zoning fairly debatable. *Id.* Factors which show private detriment include the adaptability of the subject property to

its zoned use and the effect of zoning on property value. *White v. City of Brentwood,* 799 S.W.2d 890, 893[4] (Mo.App. 1990). Factors relevant to the determination of public benefit include the character of the neighborhood, the zoning and uses of nearby property and the effect that a change in the zoning would have on other property in the area. *Id.,* at 894[6]. No one factor is dispositive in balancing public versus private interests and each case stands on its own facts and circumstances. *Rhein,* at 110[7, 8].

■ The record reflects that appellants presented no evidence that the premises were not adaptable to the residential zoning. Indeed, the testimony of Edward Kienzle established that appellants built their home for the purpose of residing there, and did in fact reside there at the time of trial. Mr. Kienzle did testify that they built an extra room for the purpose of conducting their business, but it is reasonable to infer from the record that appellants' premises were eminently suitable for residential purposes.

Further, appellants failed to present evidence that the value of their property is in any way diminished as a result of the zoning prohibition. Although appellants argue on appeal that they have invested heavily in constructing an office area within their residence, and that the inability to continue doing business in the same manner as in the past would result in severe financial loss, there is no evidence in the record to support this argument. Appellants presented no evidence of financial loss due to the county's zoning ordinance by way of an inability to conduct business, nor by way of diminution in the value of their land.

In short, the record contains no evidence establishing any of the factors which show private detriment. Therefore, appellants have failed to meet their burden of showing that the detriment of the existing zoning to them outweighs the benefit to the general public. Thus, based on the record before us, we do not find that the zoning ordinance is unconstitutional as applied to appellants. Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.