The **HEATHER RIDGE PARTNERSHIP, L.P.,** Plaintiff/Appellant,

v.

**CITY OF CREVE COEUR, The Koman Group, L.L.C., Creve Coeur Board of Adjustment and Creve Coeur Country Club, Defendants/Respondents.**

No. 75198.

Missouri Court of Appeals, Eastern District, Division One.

June 1, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1999.

Application for Transfer Denied Aug. 24, 1999.

Rosenblum, Goldenhersh, Silverstien & Zafft, P.C., Richard E. Greenberg, Sanford J. Boxerman, Clayton, Missouri, for appellant.

Behr, Mantovani, McCarter & Potter, P.C., W. Dudley McCarter, Christopher, L. Kanzler, Clayton, Missouri, for respondent.

PUDLOWDSKI, J.

The Heather Ridge Partnership, L.P. (Heather Ridge) seeks review of the City

of Creve Coeur's (the City) decision which approved the erection of a Public Works Facility on land adjacent to the Heather Ridge apartment complex.

On 22 September 1997, the City adopted Ordinance 1892 authorizing the City and Koman Group, LLC (Koman) to enter into a redevelopment agreement for a specific parcel of land located within the City. Ordinance 1892 stated that there had been a public hearing and commentary "from all interested persons and taxing districts affected by the Redevelopment Plan and redevelopment projects described therein...." Any ordinance in conflict with Ordinance 1892 was to be repealed, and Ordinance 1892 became effective fifteen days later.

Pursuant to Ordinance 1892, Koman submitted its development plan for the Public Works Facility to the Planning & Zoning Commission. After review of the development plan, the Planning & Zoning Commission recommended approval to the City's Mayor and City Council subject to three modifications which are not pertinent to this appeal. The Planning & Zoning Commission approved the Public Works Facility on 20 April 1998 and sent its recommendation to the City Council on 21 April 1998 via letter.

Both Heather Ridge and the City agreed that the City Council approved the Public Works Facility on 27 April 1998. Heather Ridge sent a letter dated 27 April 1998 addressed to the counsel for the City in regards to the status of the Public Works Facility.[1]

Heather Ridge then sent a letter to Creve Coeur's Board of Adjustment (the Board) on 29 April 1998 advising the Board of an appeal pending before the City Council. Heather Ridge sought a stay of the issuance of any permit or authorization to begin construction of the Public Works Facility from the Board pending resolution of its appeal. In re-

sponse to its request for a stay, Heather Ridge received a letter from the City's City Clerk dated 11 May 1998. The letter stated:

We do not believe the Board of Adjustment of the City of Creve Coeur has the authority to reconsider a decision of the City Council.

Section 26–118.11–(a) of the City Zoning Code reads:

"(a) Authorization—Any person aggrieved by any decision on a Conditional use Permit (see Section 26–114), Residential Designed Development (see Section 26–50.3) or other decision of the City Council or Board of Adjustment, may petition the Circuit Coeur (sic) having jurisdiction for relief from such decisions. The petition shall comply with all applicable rules of the court and shall specify the grounds for appeal."

Therefore, the Board of Adjustment will not be hearing this appeal.

If you have any questions or desire additional information, please do not hesitate to contact us.

Heather Ridge then instigated this three-count action for declaratory judgment, preliminary and permanent injunction and certiorari on 2 June 1998 against the City, Koman, the Board, and Creve Coeur Country Club (collectively, Defendants) claiming that Defendants were acting beyond the scope of their authority in building the Public Works Facility. Following limited discovery, the trial court granted Defendants' motion for summary judgment on Count I and Count III of Heather Ridge's three count petition. Heather Ridge voluntarily dismissed Count II on 7 October 1998. Subsequently, Heather Ridge filed this appeal.

■ In briefing this appeal, attorneys for both sides seek appellate review of the summary judgment decision of the trial court pursuant to *ITT Commercial Finance v. Mid–America Marine*, 854

1. It is unclear if this letter and, hence, Heather Ridge's objections to the Public Works Fa-
cility, was before the City Council at the time of its decision to approve the development.

S.W.2d 371 (Mo. banc 1993). However, judicial review of a contested zoning ordinance is limited. Upon review, neither the trial court nor this Court may try a zoning case de novo or substitute its judgment for that of the board of zoning adjustment. *State ex rel. Ellis v. Liddle*, 520 S.W.2d 644, 646 (Mo.App.K.C.Dist.1975). The scope of our review is limited to the correction of possible illegal actions taken by the board. *Donelson v. Board of Zoning Adjustment of City of St. Joseph*, 368 S.W.2d 728, 731 (Mo.App.K.C.Dist.1963).

■ However, in the instant case, we do not have any document denoting it as a decision of the City from which we can ascertain any improper actions taken by the City. The only document gleaned from the entire legal file regarding a decision by the City Council is the aforementioned letter which informed Heather Ridge that pursuant to City ordinances, review of zoning ordinances is in the circuit court rather than the Board. The trial court's judgment does not indicate any illegal activity by the City. Without any documentation, it is impossible to determine whether or not an illegality was committed.

Judgment of the trial court affirming the City Council's zoning ordinance is affirmed. Further, the City motioned to dismiss this appeal as moot. We have reviewed the motion and deny said motion.

WILLIAM H. CRANDALL, Jr., and CLIFFORD H. AHRENS, JJ., concur.