

# In the Missouri Court of Appeals Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF CAPE GIRARDEAU, MISSOURI, | ) | ED103593 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| Respondent, | ) | of Cape Girardeau County |
| | ) | 13CG-CR01274 |
| v. | ) | |
| | ) | Honorable Craig D. Brewer |
| RICHARD KUNTZE, | ) | |
| | ) | |
| Appellant. | ) | Filed: November 8, 2016 |

## Introduction

Richard Kuntze (Appellant) appeals the judgment of the trial court finding him guilty of the offense of creating a public nuisance, in violation of an ordinance of the City of Cape Girardeau (City). Appellant argues that the ordinance is vague and therefore the City failed to meet its burden of proof. Appellant also argues the ordinance is unconstitutional. We affirm.

## Background

On January 14, 2014, an officer with the Cape Girardeau Police Department observed a green Jeep with two flat tires parked in the driveway of Appellant's property. The tags on the license plate had expired in March of 2007. The officer left a notice

advising that the vehicle had to be currently registered and operable or removed from the property within seven days.

On January 22, 2014, the officer returned and found the vehicle in the same condition. The vehicle was titled to Appellant. The officer mailed Appellant a citation for violation of City Ordinance Section 13-52, which states the following:

> Except as provided in other regulations, any inoperable vehicle
> or part thereof, located on any property in the city is hereby
> declared to be a public nuisance.

The citation stated facts supporting the violation: "Failure to maintain property free of inoperable vehicles by having a green Jeep with expired license plates at [Appellant's address]."

The parties appeared before the trial court, which heard argument and thereafter found Appellant guilty. The trial court found that Section 13-51 of the City ordinances defines "inoperable vehicle" as follows:

> [A]ny vehicle which is not registered or which is improperly
> registered within the state, or is not displaying proper license
> plates, or is inoperable for more than seventy-two (72) hours.

The trial court concluded that because the tags on Appellant's license plates were expired, this meant the plates were "improper" under the ordinance. The trial court also found the statute was not unconstitutional. The trial court sentenced Appellant to a fine of $200 in accordance with City ordinances. This appeal follows.

Discussion

Appellant raises three points on appeal. First, he argues that the trial court erred in concluding he violated the nuisance ordinance because the terms of the ordinance are vague. In Point II, Appellant argues this same vagueness renders the ordinance

2

unconstitutional. Appellant argues in Point III that application of the ordinance violates Appellant's constitutional right to equal protection under the law. We discuss each in turn.[1]

## Standard of Review

Where, as here, a case is tried on stipulated facts, "the only issue we review on appeal is whether the trial court reached the proper legal conclusions from the stipulated facts." City of Bellefontaine Neighbors v. Scatizzi, 302 S.W.3d 730, 732 (Mo. App. E.D. 2010) (citation omitted). Our review of a trial court's interpretation of a city ordinance is *de novo*. Id.

## Point I

Appellant argues that the trial court erred in concluding he violated the nuisance ordinance because the evidence failed to establish such a violation. He argues this is because the meaning of the word "register," in the definition of "inoperable vehicle" is unclear. He argues it could be read to mean simply having the vehicle titled in the owner's name, and if so, then his vehicle was "registered." We disagree.

Ordinances imposing penalties are to be strictly construed against the municipality. See City of Kansas City v. Heather, 273 S.W.3d 592, 595 (Mo. App. W.D. 2009). However, we presume ordinances are valid. Moynihan v. Gunn, 204 S.W.3d 230, 234 (Mo. App. E.D. 2006). "Where a provision's language is clear, courts must give effect to its plain meaning and refrain from applying rules of construction unless there is some ambiguity." Id.

The applicable definition in Section 13-51 of "inoperable vehicle," is the following:

---

[1] We note the City's argument that Appellant failed to exhaust administrative remedies provided for in other City ordinances. However, we do not reach this issue as the ordinances have not been properly made a part of the record on appeal. See Consumer Contact Co. v. State of Mo., Dept. of Revenue, 592 S.W.2d 781, 785 (Mo. banc 1980) (courts may not take judicial notice of city ordinances).

> [A]ny vehicle which is not registered or which is improperly registered within the state, or is not displaying proper license plates, or is inoperable for more than seventy-two (72) hours.

Appellant argues the word "registered" is ambiguous, in that it could mean simply having titled his vehicle in Missouri. However, Missouri statutes require vehicles to be annually registered. Section 301.020.1[2] provides that "[e]very owner of a motor vehicle . . . shall annually file . . . an application for registration[.]" Moreover, this is distinct from the requirement that owners obtain a certificate of title, as made clear in Section 301.190.1:

> No certificate of registration of any motor vehicle . . . shall be issued by the director of revenue unless the applicant therefor shall make application for and be granted a certificate of ownership of such motor vehicle[.]

Under these sections, a vehicle cannot be registered in Missouri until the owner applies for a title. The titling of the vehicle is not the same as the annual registration.

In light of the statutory scheme, the word "registered" in the City ordinance is unambiguous. The ordinance refers to proper registration "within the state." One need then only consult Missouri's Department of Revenue, or Missouri state statutes, to determine what registration within the state entails.[3]

Moreover, here, Appellant had applied for a title and had, at least once, registered the vehicle in Missouri, as evidenced by the Missouri license plates with tags expiring in 2007. We fail to see how Appellant could be unaware of the meaning of registering a vehicle within Missouri or that his own registration for this vehicle had lapsed, especially

---

[2] All statutory references are to RSMo. (Supp. 2015), unless otherwise indicated.

[3] We are not persuaded by Appellant's argument that the differing definitions of "vehicle" between City ordinances and Missouri state statutes require us not to conclude the meaning of "registered" in the ordinance can be found by looking to Missouri state statutes. The very fact that a different definition of "registered" is not specified in City ordinances indicates that the City had no intent to vary the meaning of "register" as defined in Missouri state statutes.

given the fact that he received a warning seven days prior to the issuance of the citation. The trial court did not err in finding Appellant's vehicle was not properly registered under the plain language of the City ordinances. Point denied.

## Point II

Appellant argues the trial court erred in finding him guilty of violating the nuisance ordinance because the definition of "inoperable vehicle" is unconstitutional in that it is void for vagueness. We disagree.

The vagueness doctrine is rooted in constitutional principles of due process. U.S. Const. amend. V, XIV; Mo. Const. Art. I, §10; see also St. Louis County v. Kienzle, 844 S.W.2d 118, 122 (Mo. App. E.D. 1992). "Due process requires that laws provide notice to the ordinary person of what is prohibited . . . . If the terms or words used in the ordinance are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty." Kienzle, 844 S.W.2d at 122 (citing State ex rel. Cook v. Saynes, 713 S.W.2d 258, 260 (Mo. banc 1986)).

Here, we have already determined that the ordinance was not ambiguous. Appellant's claim that it is unconstitutional due to vagueness is unfounded.[4] Point denied.

## Point III

Appellant argues that the nuisance ordinance violates constitutional principles of equal protection under the law because there is no rational basis to distinguish in the ordinance between vehicles which have different tags on their license plates. We disagree.

---

[4] To the extent Appellant argues that the ordinance is overbroad within the body of his argument because, for instance, it would find an out-of-state vehicle to be a nuisance, we disagree. We fail to see how an out-of-state vehicle that is properly registered in its home state would fall under the categories of either a vehicle that is "not registered" or a vehicle that is "improperly registered within the state." Thus, we do not see how the nuisance ordinance would apply to such a vehicle. Regardless, Appellant's vehicle had Missouri license plates and was titled in Missouri.

5

Appellant does not argue he is a member of a suspect class or that the ordinance impinges upon a fundamental constitutional right. See Weinschenk v. State, 2013 S.W.3d 201, 210-11 (Mo. banc 2006) (explaining two-step equal protection analysis; first is determining whether strict scrutiny is required because ordinance implicates suspect class or fundamental right). Thus, our "review is limited to determining whether the classification is rationally related to a legitimate state interest." Etling v. Westport Heating & Cooling Servs., Inc., 92 S.W.3d 771, 774 (Mo. banc 2003).

Here, Appellant argues there is no rational basis in distinguishing between two vehicles in substantially the same condition, yet with different color tags on the license plates, as it relates to the status of his property in regards to creation of a nuisance. The trial court found that the City has a legitimate interest in keeping properties free from inoperable vehicles due to their impact on property values and the beautification of the City. The trial court also found that applying the ordinance to an unregistered vehicle, which is therefore illegal to operate, is rationally related to the City's interest. We agree. Point denied.

## Conclusion

The judgment of the trial court is affirmed.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, C. J., concurs.
Lisa P. Page, J., concurs.

6