SHERRI B. SULLIVAN, P.J.
Introduction
Maurice Conley (Appellant) appeals from the trial court's judgment affirming the decision of the City of St. Louis Civil Service Commission (the Commission) affirming his dismissal from employment by the City of St. Louis Airport Police Department (APD), effective May 7, 2015. We affirm.
Procedural Background
Appellant was an Airport Police Officer with the APD at Lambert-St. Louis International Airport (Lambert) from 2001 until May 7, 2015. Appellant was discharged from his position for his actions on November 30, 2014, which constituted both a neglect of duty in recovering and handling a passenger's lost property taken into police custody and a violation of rules regarding truthfulness; coupled with past reprimands, one of which was for making false statements. Prior to his discharge, Appointing Authority Sharon Stone (Stone) scheduled a pre-termination review on April 28, 2015, to consider Appellant's termination. Appellant was informed by letter dated December 15, 2014, of the time and date of the review. The review was held April 28, 2015. After the hearing, Stone determined Appellant should be dismissed.
Appellant appealed his discharge to the Commission. Hearing officer for the Commission Judith Ronzio (Ronzio) conducted an evidentiary hearing. Appellant appeared with counsel Paul Schmitz (Schmitz) and Richard Blanke (Blanke), and Stone appeared in person with Assistant City Counselor Nolan Sharkey (Sharkey). Testimony and evidence were adduced. After taking the matter under submission, the Commission entered a decision upholding Appellant's discharge. Appellant appealed to the trial court, which affirmed the Commission's decision.
Factual Background
Appellant was working the third shift at Lambert Airport from 10:30 p.m. on November *851 29, 2014 until 6:30 a.m. on November 30, 2014, when at approximately 3:30 a.m., Whelan Security (Whelan) Officer Vincent Sonderman (Sonderman) located an unattended small gift shop bag in the seating area of Terminal 1. Sonderman opened the bag and saw a shot glass and a boarding pass. Sonderman put the bag back and left the area for about ten minutes. When he returned, the bag was still there. Following Whelan's policy, Sonderman reported the bag to his supervisor, Lieutenant Brady Lewis (Lewis). They both went to the bag's location, looked at it and decided to leave it for its owner to retrieve. At approximately 4:00 a.m., Lewis reported the unattended bag to APD Dispatch Officer Kim Goodwin (Goodwin), who radioed Appellant and told him about the unattended bag. Appellant replied he was on his way to the bag's location, and radioed Goodwin when he arrived. Appellant retrieved the bag and examined its contents, which included an American Airlines boarding pass. Appellant went to the ticket agent counter and spoke to the American Airlines ticket agent, who ran a check of the name listed on the boarding pass. The agent told Appellant the passenger was Felipe Ventura (Ventura), and he had arrived in St. Louis at 8:00 p.m. the prior evening. Appellant returned to the area where the bag had been left and attempted to locate Ventura, but was unsuccessful.
At approximately 4:18 a.m., Appellant radioed Goodwin he had "located the owner" of the property. Goodwin responded on the radio to confirm "the property had been claimed" by the owner rather than Appellant had "located the owner," which are two distinct classifications. Appellant did not correct Goodwin. Appellant then went to Sonderman and informed him he had found the owner of the property.
At approximately 5:00 a.m., Sonderman was approached by Ventura, who asked Sonderman if he had seen a bag from a gift shop. Sonderman told Ventura he had, and suggested Ventura go to the APD to see if they had it, which Ventura immediately did. An investigation ensued into the whereabouts of the bag. The APD referred the matter to Stone for determination of discipline.
In the pre-termination notice, Stone informed Appellant he had violated APD General Order MO8-02(K)(4) Code of Conduct, Neglect of Duty; General Order B10-01(II)(A-1) Evidence and Found Property; and General Order M08-02(W) General Article, in that he had done the following:
At 0418 hours responded back to APD dispatch that you located the owner of the unattended bag and P.O. Goodwin acknowledged your transmission that the owner claimed the bag; you did not correct P.O. Goodwin. In your statement provided on 12-20-2014, you stated that you told APD Dispatch that the bag and its contents were 'claimed by owner.' This was not the case - you did not reunite the bag and its contents with its owner, Felipe Ventura, rather you threw the items away, deceiving the APD and the dispatcher of the true disposition of the property and depriving the owner of his property.
Stone also informed him he wrongfully:
[took] control of the bag and its contents in [his] official capacity as an Airport Police Officer but ... threw the bag and its contents into a trash can rather than deliver and report the property to the [APD].
Stone reviewed the matter and conducted the pre-termination hearing. After the hearing, Stone terminated Appellant effective May 7, 2015 under Neglect of Duty, for violating APD General Order M08-02(K)(4); Evidence and Found Property, for violating APD General Order B10-01(II)(A-1); and the City of St. Louis Employee *852 Code of Conduct (City Code of Conduct) "Honesty" section and APD General Order M08-02(W) General Article, for being dishonest about the true disposition of the unattended bag. This appeal follows.
Points on Appeal
In his first point, Appellant contends the Commission erred in finding he violated APD General Order MO8-02(K)(4) Code of Conduct, Neglect of Duty and General Order B10-01(II)(A-1) Evidence and Found Property by failing to promptly deliver and/or report property or money found; and the City Code of Conduct "Honesty" section and APD General Order M08-02(W) General Article by being dishonest about the true disposition of the unattended bag, because these findings are unsupported by competent and substantial evidence.
In his second point, Appellant claims the Commission erred in finding he violated APD General Order MO8-02(K)(4) and General Order B10-01(II)(A-1) because the regulations are overbroad and vague as written and as applied and are otherwise arbitrary, capricious, and unreasonable in that the term "property" is not defined.
In his third point, Appellant maintains the Commission's decision is arbitrary, capricious, and in violation of its own rules and regulations with respect to Administrative Regulation 117 (AR 117), in that Appellant should have been permitted to return to work for the following reasons: (1) based upon his past record, Appellant was deserving of an additional opportunity; (2) Appellant's termination was based on a non-uniform application of the requirements of AR 117; and (3) the decision to terminate was based upon the alleged violations of APD General Order MO8-02(K)(4) Code of Conduct, Neglect of Duty; General Order B10-01(II)(A-1) Evidence and Found Property, and the City Code of Conduct "Honesty" section, exclusively.
Standard of Review
Our scope of review is limited to a review of the administrative ruling and not the decision of the trial court. Lagud v. Kansas City Bd. of Police Comm'rs, 136 S.W.3d 786, 791 (Mo. banc 2004). Pursuant to article V, section 18 of the Missouri Constitution we are to determine whether the agency's action is "supported by competent and substantial evidence upon the whole record." Under Section 536.140.2,[1] when the Court reviews the record to determine if the findings of the agency are supported by substantial and competent evidence, the Court must look to the whole record and not merely the evidence that supports the decision. Lagud, 136 S.W.3d at 791. Thus, a reviewing court is no longer required to view the evidence in a light most favorable to the agency's decision. Id.
For evidence to be substantial, it must be competent and support the Commission's discretionary determination. Morgan v. City of St. Louis, 154 S.W.3d 6, 8 (Mo. App. E.D. 2004) ; Mertzlufft v. Civil Service Comm'n, 85 S.W.3d 63, 66 (Mo. App. E.D. 2002). Substantial evidence is competent evidence that would have probative force upon the issues if believed. Morgan, 154 S.W.3d at 8 ; Mertzlufft, 85 S.W.3d at 66. Substantial evidence, which necessarily implies competent evidence, means:
[e]vidence which, if true, has probative force upon the issues, i.e. evidence favoring facts which are such that reasonable minds may differ as to whether it establishes them; it is evidence from which the trier or triers of fact reasonably *853 could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding it from the facts, to establish the evidence was introduced.
Schnell v. Zobrist, 323 S.W.3d 403, 412 (Mo. App. W.D. 2010), citing Fujita v. Jeffries, 714 S.W.2d 202, 206 (Mo. App. 1986) (quoting Collins v. Div. of Welfare, 364 Mo. 1032, 270 S.W.2d 817, 820 (Mo. banc 1954) ).
This court may not substitute its judgment on the evidence for that of the agency and must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses. Missouri Veterans Home v. Brown, 374 S.W.3d 359, 364 (Mo. App. W.D. 2012). To the extent that an agency's decision rests upon findings of fact, the reviewing court may not substitute its judgment for that of the agency. Id. Where the evidence supports opposing findings, the Court affords deference to the Commission's decision. Coffer v. Wasson-Hunt, 281 S.W.3d 308, 310 (Mo. banc 2009). However, the Court does not defer to the Commission's findings on questions of law. Vivona v. Zobrist, 290 S.W.3d 167, 170 (Mo. App. W.D. 2009).
Discussion
Point I
Appellant contends the Commission erred in finding he failed to promptly deliver property found and violated the City Code of Conduct "Honesty" section and General Order M08-02(W) General Article by being dishonest about the true disposition of the unattended bag, because these findings are unsupported by competent and substantial evidence.
The Commission found Appellant was in violation of APD General Order MO8-02(IV)(K)(4) Code of Conduct, Neglect of Duty, which provides it is a violation of policy when an employee
[w]ithout proper authority fails to promptly deliver and/or report any property or money taken or received by him/her in his/her official capacity through the proper reporting procedures.
The Commission also found Appellant violated APD General Order B10-01 (II)(A-1) Evidence and Found Property, which states:
Evidence and Found Property must be transported to the Evidence Officer at the St. Louis Airport Police Main Station as soon as possible.
The City Code of Conduct includes a section labeled "Honesty" which states:
City employees should be completely honest in their dealings with the public, elected officials, appointing authorities, supervisors, and fellow employees. Lying in any form, omitting some facts or exaggeration undermines the fundamental trust that must exist between employer and employee, and has no place in public service.
APD General Order MO8-02(W) Code of Conduct states:
Any employee shall be disciplined in accordance with City of St. Louis Administrative Regulations and Airport Authority Policies, if such an employee ... commits any neglect or disorder, though not specifically mentioned herein, which is to the prejudice of good order and discipline in the Department ... or is of a nature to bring discredit upon the department.
In determining whether the preponderance of the evidence supports a party's position, the trier of fact must resolve conflicting evidence and decide which of the parties' positions is more probable, *854 more credible and of greater weight. Fujita, 714 S.W.2d at 206.
Sonderman testified that when he opened the bag he saw a shot glass and a boarding pass. Sonderman also testified that when Appellant returned to Sonderman's station, he informed Sonderman he had found the owner of the property. Sonderman's testimony represents substantial evidence the bag contained someone's personal property. Appellant's testimony he thought the bag only contained trash was found to be not credible or worthy of belief by the Commission, and is contradicted by his conduct from which it can be inferred he believed the bag to contain property, not trash. If the bag had contained trash, Appellant would not have sought out its owner, and its owner would not have gone to the lengths he did to recover it. Appellant also stated he had found the owner of the property to Goodwin and Sonderman. Appellant used the word "property." Appellant initiated a conversation on his police radio with Goodwin in which he clearly stated, "Located the owner of that property. " (Emphasis added.) Goodwin responded, "Copy, you back in with the owner claimed, 0418 hours." If the bag contained only trash, Appellant would not have referred to it as "property" to several other employees and would not have sought its owner. Likewise, Ventura would not have gone to the lengths he had to recover a bag of trash. Appellant's conduct belies his contention he was merely mistaken about the contents of the bag.
For all of the foregoing reasons, we find the Commission's decision that Appellant in his capacity as an Airport Police Officer knowingly and wrongfully in dereliction of his duties disposed of someone's personal property into the trash instead of reporting and delivering it to the proper authorities and ultimately returning it to its rightful owner is supported by substantial competent evidence. Point I is denied.
Point II
In his second point, Appellant claims the Commission erred in finding he violated the APD General Orders for Neglect of Duty and Evidence and Found Property because the regulations are overbroad, vague, arbitrary, capricious, and unreasonable in that the term "property" is not defined.
Appellant maintains the word "property" used in the General Orders was not sufficiently clear to enable him to distinguish between property and trash. We find this argument to be without merit and that the term "property" is a term of common usage. If the terms or words used are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty. City of Cape Girardeau v. Kuntze, 507 S.W.3d 89, 93 (Mo. App. E.D. 2016) ; St. Louis County v. Kienzle, 844 S.W.2d 118, 122 (Mo. App. E.D. 1992) ; State ex rel. Cook v. Saynes, 713 S.W.2d 258, 260 (Mo. banc 1986). The General Orders do not define property; therefore, the plain meaning of the word supplies its definition. Delta Air Lines, Inc. v. Director of Revenue, 908 S.W.2d 353, 356 (Mo. banc 1995). The plain meaning is found in the dictionary. Id. The plain meaning of the word "property" as it is commonly and customarily used is "something owned or possessed." Merriam Webster's Collegiate Dictionary 943 (9th Ed. 1997). As "property" is something owned or possessed, a person of ordinary intelligence certainly would be able to distinguish an item of trash, which could be disposed of, from "property," an item with a discernible ownership interest to be reported and delivered to the appropriate department authority. In accord with this *855 clear and obvious distinction is the fact that Appellant affirmatively stated to both the dispatcher and Sonderman that the bag contained property, and proceeded to seek out the bag's owner.
The term "property" is a term of common usage and the order clearly conveys what conduct is forbidden. For these reasons, Point II is denied.
Point III
In his third point, Appellant maintains the Commission's decision is arbitrary, capricious, and in violation of its own rules and regulations with respect to AR 117, in that Appellant should have been permitted to return to work for the following reasons: (1) based upon his past record, Appellant was deserving of an additional opportunity; (2) Appellant's termination was based on a non-uniform application of the requirements of AR 117; and (3) the decision to terminate was based upon the alleged violations of the APD General Orders regarding Neglect of Duty and Evidence and Found Property and the City Code of Conduct "Honesty" section, exclusively.
AR 117 provides in pertinent part:
Disciplinary actions shall be considered as constructive interventions for the purpose of correcting inappropriate work behavior. In order to maintain an effective and efficient workforce, appointing authorities, managers and supervisors are obligated to identify any behaviors or actions that prevent an employee from properly performing his or her duties and inform the employee of the behavior and the necessary action required to correct the problem. Failure by the employee to correct the problem shall result in disciplinary action.
AR 117 further provides:
Disciplinary actions shall be administered on a uniform basis by an appointing authority or his/her designee and should normally be expected to be progressive in nature; failure to adhere to this policy could result in disapproval of such action.... Progressive discipline places an employee on notice that his or her actions will not be tolerated and, if continued, will result in more serious discipline up to and including dismissal. Each offense must be judged on a case-by-case basis and consideration given to the employee's entire work history when determining the appropriate action to take.
AR 117 provides for progressive discipline as follows:
A. Written reprimand;
B. Suspension (up to 28 calendar days in a 12 month period);
C. Temporary reduction in pay for a period not to exceed 13 bi-weekly pay periods;
D. Disciplinary demotion (to a vacant position in lower pay grade for which the employee is qualified within the division/department);
E. Dismissal.
The Commission properly applied AR 117. Appellant discarded recovered property while falsely reporting he had contacted and returned it to its owner. The Commission was within its discretion to conclude Appellant committed an act of dishonesty sufficiently serious to warrant immediate discharge. The record also reveals Appellant was twice reprimanded in the past for making false statements. On June 20, 2013, he received a one-day suspension for making false statements and neglect of duty and on March 28, 2010, he received a pay reduction for making a false statement in an investigation. Additionally, on October 1, 2006, he received a pay reduction for falsifying an official APD
*856 inspection form. Appellant has been disciplined at least three times for dishonesty. Thus, Appellant's argument that based upon his past record he should have been accorded another chance fails in that the Commission was within its discretion in determining discharge was appropriate in this case consistent with AR 117. The Commission's decision is not arbitrary, capricious, and in violation of its own rules and regulations with respect to AR 117. Accordingly, Point III is denied.
Conclusion
The Commission's decision is affirmed.
Lawrence E. Mooney, J., and James M. Dowd, J., concur.

All statutory references are to RSMo 2000, unless otherwise indicated.